## BATES *VS.* THE PLANTERS' & MERCHANTS' BANK.

1. In a summary proceeding on a Bank notice, every thing necessary to give the court jurisdiction and to sustain its judgment, must appear on the record.

2. And where the record does not shew that the certificate of the President of the Bank was produced and shewn to the court, —it has no jurisdiction, and judgment cannot be rendered.

3. Such certificate, appended to a notice to defendant attached to the transcript, is no part of the record—no action of the court appearing to have been had on it.

Error to the Circuit court of Mobile.

Bank notice, tried before *Pickens*, J.

This was a notice issued by the President of the Planters' and Merchants' Bank of Mobile, to defendant, as endorser on a note dated June twentieth, eighteen hundred and thirty-seven, for four thousand nine hundred and forty dollars, drawn by H. S. Levert, payable to defendant or order, sixty days after date, for value received, negotiable and payable at the Planters' and Merchants' Bank of Mobile, and which was protested for non-payment; informing defendant that at the next term of the court, the Bank would move against him, for the amount due by the note, with lawful damages and costs, and on the third Monday of the term, would pray the court to render judgment and award execution in favor of the Bank, for the amount of the demand. The notice was accompanied with the certificate of the President, that the note was really and *bona fide*, the the property of the Bank.

There was no plea filed, but the parties appeared, and judgment was rendered for the Bank; to reverse which, the writ of error was taken.

The record of the verdict and judgment, was as follows:

"This day came the parties, and thereupon came a jury, &c. who say they find for the plaintiffs, &c. It is therefore considered by the court, that the plaintiffs recover of the said defendant, the said sum, &c. together with the costs, by them about their motion in this behalf expended."

*Campbell,* for the plaintiff in error.
*Stewart,* contra.

ORMOND, J.—This was a summary proceeding, by motion of the Bank, against the plaintiff in error. It is now assigned for error—

1. That the record does not disclose that a motion was made in the court below;

2. That it does not appear that the certificate of the President of the Bank was produced, showing property in the Bank;

3. That the record does not disclose that the motion was founded on a paper on which a motion could be made.

It appears from the record, that the facts were contested before a jury, though no plea appears in the proceedings, and the judgment was entered on the verdict of a jury.

It is insisted by the counsel for the defendant in error,

Bates *vs.* the Planters' & Merchants' Bank.

that all the facts necessary to maintain the proceeding, must be presumed to have been proved.

It has been repeatedly held in this court, that in these summary proceedings, every thing necessary to give the court jurisdiction, and to sustain its judgment, must appear on the record. Thus, in Logwood vs. Huntsville Bank, (Minor's Rep. 23,) the court say : "It does not appear from any thing in the record, that the notice was so given, unless the court are so to intend, as insisted by the counsel for the Bank, from the words 'duly notified,' in the record. In proceedings, according to the course of the common law, many defects in the record may be cured by the doctrine of intendment. But wherever a summary remedy is given by statute, those who wish to avail themselves of it, must be confined strictly to its provisions, and shall take nothing by intendment. The supervising court cannot infer, that notice, as required by law, has been given, unless it so appear on the record. Not to require this, would be to surrender to the court below, the power of judging without appeal, of all the proceedings had before it." The court also apply these remarks to the certificate of the President of the Bank, which the statute requires him to make, to give the court jurisdiction.

The case just cited was a judgment by default; but in the case of Lyon vs. the State Bank, (1 Stewart, 442,) the defendant appeared and pleaded, and on an issue tried, judgment was rendered against him, from which he took a writ of error. In giving their opinion, the court held this language: "'The charter authorises the proceeding by motion, on the note and certificate, and by

necessary implication, dispenses with special pleading, and all technicality. But it requires, by legal construction, in lieu thereof, that the record shall shew every material fact to have been proven, whether the judgment be by default or otherwise."

It was also held, in the case of Duncan vs. the Tombeckbee Bank, (4 Porter, 181,) that in a proceeding by motion, the filing a declaration would not render the certificate of the President of the Bank unnecessary.

Although it is the well settled law, that in summary proceedings like the present, every thing necessary to give the court jurisdiction, must appear on the record, yet we think if the question were open, it might admit of doubt, whether the rule ought not to be confined to cases of judgment by default; and whether, where the parties appeared, pleaded, and contested the matter, the same rules did not apply in suits prosecuted in the ordinary mode. The decisions have been so long acquiesced in, establishing the contrary doctrine, that we do not feel now authorised to disturb them.

We do not think, however, that any decision heretofore made, applies to the case now before us, in regard to the notice. The object of the notice is to inform the opposite party of the motion to be made against him: if he appear and plead, it must certainly be held an admission of notice. The same remarks apply to the objection, that no motion was made. The record discloses that an issue was tried : this could not be on any thing but the motion, which must have been made, though it was not formally entered on the record.

But the objection, that the record does not shew that

Bates *vs.* the Planters' & Merchants' Bank.

the certificate of the president was produced, must be sustained. It is no where stated 'that the certificate of the president was produced and shewn to the court, and without this the court had no jurisdiction. It is true that a paper purporting to be a certificate is found appended to a notice sent up with the transcript, but that is no part of the record. No action of the court appears ever to have been had upon it, without which it cannot be considered as part of the record.

The judgment of the court be reversed, and the cause remanded.