BATES *VS.* THE PLANTERS' & MERCHANTS' BANK OF MOBILE.

1. In a proceeding by notice from the Bank, the record must shew that the certificate of the President was received and acted on by the court below.

2. Where a party obtains an injunction from chancery, to restrain the sheriff from paying over moneys in violation of his (the sheriff's) agreement,—the party obtaining the injunction is not required, as a condition precedent, to release errors at law, in the judgment under which the moneys were made.

Error to Mobile Circuit court.

Proceedings on a notice from the the Bank, tried before *Pickens*, J.   Verdict and judgment for plaintiffs below.

The errors assigned were—

1. That the certificate of the President of the Bank was not shewn on the record ;

2. That the judgment was not warranted by the evidence ;

3. That the court had no jurisdiction ; and

4. That it was not a proper case for summary motion.

*Campbell*, for plaintiff in error.
*Stewart*, contra.

COLLIER, C. J.—The defendants in error insist, that the plaintiff "ought not to have the benefit of any supposed errors assigned by him in this court, but should be barred and precluded therefrom, and that the court now here should not hear or examine the said supposed

Bates *vs.* The Planters' & Merchants' Bank of Mobile.

errors, because, they say that after the suing out of the said writ of error in this behalf, and before the return thereof to this court, to wit, on the ——— day of ——— eighteen hundred and thirty-eight, the said plaintiff in error did by a bill in chancery, wherein he was a plaintiff, and the said Bank was a defendant, apply to the honorable the judge of the first judicial circuit, and prayed therein to be relieved, against the said judgment at law now certified to this court, which bill sets forth and charges, among other things, that the name of the said plaintiff in error, on the said note, was not genuine, &c. and praying an injunction, to restrain the payment of said note to the said plaintiff in error,—which injunction was allowed by said judge,—whereupon the said bill was filed in the said Circuit court of Mobile county, and the said injunction was thereupon issued. and served on the said defendant in error, and on the sheriff of Mobile county, in whose hands the execution on said judgment was; and the said appellee further saith, that the said bill is now still pending and undetermined in said court; that said appellee appeared at the Fall term, eighteen hundred and thirty-eight, of said court, to defend the same; that the said appellee was in fact restrained from collecting said debt by force of said injunction;—all which appears of record in said Circuit court of Mobile county, on the chancery side thereof: and this, the said defendant in error, is ready to verify by the said record. Wherefore, inasmuch as the said plaintiff in error has applied for, and obtained the benefit of said injunction, he is barred of his said supposed errors, and thereupon, the

said defendant prays," &c.    To this plea, the plaintiff in error replied, *nul tiel record.*

Upon looking into the bill, we find that the plaintiff denies that the endorsement of the note of J. F. Roberts, on which the judgment in the present case is founded, was made by him, or by his authority; yet we do not understand this to be the basis of his application to equity for an injunction.    But the *gravamen* of the case, as disclosed by the bill, may be thus succinctly stated: The plaintiff, and one O'Brien, having endorsed the paper of J. F. Roberts, which was negotiated at the Mobile Bank, and at the Planters' and Merchants' Bank, with a view to their indemnification, induced Roberts to convey to Thomas Bates, *in trust*, certain real and personal property—with authority to the trustee to sell the same, whenever the estate of the *cestui's que trust* was put in jeopardy, or they were required to advance their own funds, in consequence of Roberts' default.    In the Fall of eighteen hundred and thirty-seven, *The Planters' and Merchants' Bank*, obtained judgments against all the parties to the notes of Roberts' negotiated there, which were endorsed by the plaintiff in error; and in the spring of eighteen hundred and thirty-eight, *The Mobile Bank* recovered judgments against all the parties to *such paper*, of which it had become the proprietor, save the plaintiff. That Thomas Bates agreed with the sheriff of Mobile, that he might levy the executions issued on these judgments in favor of the Banks, if the sheriff would undertake to appropriate the proceeds to their satisfaction, in preference to all other process in his hands against Roberts, or any one else.    That the personal property em-

Bates *vs.* The Planters' & Merchants' Bank of Mobile.

braced by the deed, was sold, and yielded a sum amounting to near eight thousand dollars, a part of which, the sheriff threatened to appropriate to an execution, amounting to more than twenty-five hundred dollars, issued on the judgment in the case before us, and then in his hands. The bill does not pray that the judgment may be enjoined, but only that the sheriff be inhibited from applying the proceeds of the sale of Roberts' property, to the satisfaction of the execution thereupon issued, and that they be appropriated according to the agreement between Thomas Bates and himself.

The judgment, then, was left in full effect by the injunction awarded, which was directed to conform to that asked for, by the bill. It was competent for the Bank to have caused the executions against Roberts and the plaintiff in error to be levied on any property of either, that might be found subject to a levy and sale. Should a judge, in granting such an injunction, have directed as a condition precedent, that the party applying for it, release all errors in the proceedings at law? By the *first* section of the act of eighteen hundred and sixteen, "concerning injunctions," it is enacted, that "no injunction shall be granted to stay an execution of a judgment at law, unless the party applying for such injunction, or to be benefitted thereby, shall first sign and seal a release of errors in such judgment at law, and file the same in the office of the clerk of the court, in which such judgment shall have been obtained." We think it clear, that the application brought to our view in the present case, does not come within this statute—no execution is stayed, or rendered inoperative—its vitality, as well as that

of the judgment on which it is founded, continue unsuspended and unimpaired—while the only effect of the injunction, so far as we can form an opinion from the bill itself, is to prevent a particular fund from being diverted from its original destination.

The plea of the defendants is not sustained by the record, and if in point of fact it was, the bill of the plaintiff does not state such a case, and contain such a prayer, as required from him a release of errors. The bar attempted to be interposed by the defendant, not being available, we are brought to consider the regularity of the judgment of the Circuit court. It is objected, that the court was not authorised to render a judgment against the plaintiff in error, because the certificate of the President of the Bank, that the debt sued for *was really and bona fide its property*, does not appear from the record to have been shown to the court.

This proceeding was commenced by notice, as provided by the charter of the Bank, and can only be legalised, as we have repeatedly held, by the production of the President's certificate. We cannot know that this has been done, unless the record inform us. The mere fact of such a paper being copied and sent up with the transcript, does not warrant the inference, that it was received and acted on by the Circuit court—this should appear, if it were the case, in some act of the court; and so far as this point is concerned, the result is the same, even where the judgment is on verdict—(See Curry vs. the Bank of Mobile, 8 Porter, 360; Lea & Langdon vs. Branch Bank at Mobile, 8 Porter, 119, and Bates vs. the Planters' and Merchants' Bank of Mobile, 8 Porter, 99.)

The consequence of which is, that the judgment is reversed, and the case remanded.