### STEPHENS, *et al.* v. WOMACK.

1. Upon a motion by the principal sheriff against his deputy, it is necessary that the record should show that the deputy had one days notice of the proceeding against the principal sheriff for the default of the deputy—that a judgment was obtained against him for such default and its amount—that he was in fact his deputy, and the others sought to be charged, his sureties.

2. It is not necessary that the liability of the principal sheriff to the plain-tiff in execution be shewn, nor is any notice to the deputy and his sureties ne-cessary of the intended motion of the principal sheriff against them.

Error to the County Court of Tuskaloosa.

THIS was a judgment obtained by default in the Court be-low, by the defendant in error as principal sheriff, against the plaintiff in error, as his deputy, to recover the amount of a judgment obtained against the sheriff for the misconduct of the deputy in not paying over money received by him on an exe-cution in his hands.

The record recites that the plaintiff came by his attorney and moved the Court for judgment against Andrew J. Ste-phens, as late deputy, &c. and against Larkin D. Holleman, his surety, &c. for the sum of five hundred dollars, the amount of a judgment this day rendered against the said Jesse Womack, as sheriff aforesaid, for failing to pay over the amount of an ex-ecution, &c. which is particularly described. And it appear-ing to the satisfaction of the Court, that the said execution, be-fore the day so appointed for the return thereof, came to the possession of the said Andrew J. Stephens as such deputy, in time to be executed, and upon which execution, the said An-drew J. Stephens received the amount of money therein spe-cified to be made; and that he has failed to pay over the same.

to the said Jesse Womack, or to the plaintiff in the execution; and it also appearing to the satisfaction of the Court, that the said Andrew J. Stephens, was, at the time, he received said execution, and at the time he collected the money thereon, as aforesaid, a deputy of the said Jesse Womack, sheriff as aforesaid; and that at the same time, the said Holleman was his surety; and that the said Stephens and the said Holleman were notified of this motion, the time *required by law*, and the said Stephens and the said Holleman being solemnly called, came not, but made default. It is therefore considered, &c. The Court rendered judgment for the amount which had previously ( as is stated) been recovered of the principal sheriff, by the plaintiff in execution.

From which judgment, this writ is prosecuted.

The plaintiff now assigns for error:

1st. That the notice is insufficient, in not describing the execution, its date, &c.

2. That the record does not shew that a judgment had been rendered against the sheriff, for the default of the deputy.

3. That the judgment is rendered for too much.

4. That the judgment does not shew when the execution was returnable.

5. That the record does not shew that the money was received before the return day of the execution.

6. No demand of the deputy is shewn.

7. It does not appear that the judgment against the principal sheriff was on account of the default of plaintiff in error as his deputy.

BLISS & REAVIS, for plaintiff in error, cited Aik. Dig. 174 § 75; 1 Stewart and Porter, 486; 1 Ala. Rep. 635 ; 2 Stewart and Porter, 109; 3 ib. 385.

PECK & CLARKE, and COCHRAN, contra.

ORMOND, J.—In the transcript of the record sent to this Court, a paper purporting to be a notice, is sent up by the clerk, but not being referred to in the judgment, it cannot be considered as a part of the record : see Bates vs. The Planters' Bank, 8 Porter, 99, and subsequent cases: the assignments of error, therefore, founded on the notice must be disregarded.

This is a proceeding by the principal sheriff, against his deputy, a judgment having previously been obtained by the plaintiff in execution against the former, for the default of the latter.

It is founded on a statute to be found in Aik. Dig. 389 § 11, "whenever judgment shall be rendered by any Court of this State, against any sheriff for any failure, neglect of duty, or misconduct in office, and it shall appear to the satisfaction of the Court, that such failure, neglect of duty, or misconduct in office, is the failure, neglect, or misconduct of his deputy, it shall be the duty of the Court, on motion of the sheriff, to render judgment against such deputy and securities in favor of the principal sheriff for the whole amount of the judgment and costs rendered by the Court against such principal sheriff, by reason of such failure neglect of duty, or misconduct of said deputy, for which execution may issue as in other cases: *Provided,* that the deputy or his security or securities shall have one days notice of the pendency of the proceedings against the principal sheriff."

To enable the Sheriff to recover of his deputy under this act, nothing more is necessary than to prove that the deputy, or his surety had one day's notice of the proceeding commenced against him for the default of the deputy—that a judgment was obtained against him for such default and its amount—that the person he seeks to charge was his deputy, and that a certain person was his surety. As this judgment is a mere consequence of the judgment previously rendered against the principal sheriff, the liability of the principal sheriff to the plaintiff in execution, for the default of the deputy, need not be shown; nor is it necessary that the record should show any notice to the deputy or his sureties, of the intended motion by the principal sheriff against his deputy and sureties. It is sufficient, if either the deputy or his sureties have one day's notice of the motion against the principal sheriff, and if such notice is given, immediately on the rendition of judgment against the principal sheriff, a judgment may be rendered in his favor against the deputy and his sureties, who caused the default.

Although this record contains a great deal of superfluous matter, it does not show those facts on which alone the liability of the plaintiffs in error were to accrue.

It does not appear from the record that the plaintiffs in error

had notice of the pending motion against the principal sheriff— nor does it appear that a judgment was rendered against the principal sheriff for the default of the deputy or its amount.— Some of these facts are indistinctly stated in the recital of the motion made against the plaintiffs in error, but it does not appear from the record, that the facts necessary to create the liability to this summary proceeding were proved; and from the earliest period of the history of this court down to the present day, it has been held that the judgment, whether by default or otherwise, must shew affirmatively every fact necessary to give the Court the summary jurisdiction. Where as, in this case, the judgment is by default: those facts which constitute the defendant's liability, must be also shewn. If the judgment be rendered on a verdict founded on an issue between the parties, the facts necessary to constitute the liability of the defendant for the debt, will be presumed to have been in proof before the jury, as in other cases, where suit is brought in the ordinary mode.—8 Porter, 372.

For the reasons given, the judgment must be reversed, and the cause remanded.