Sullivan v. Robinson.

---

## SULLIVAN vs. ROBINSON.

[PROCEEDINGS UNDER SEARCH-WARRANT.]

1. *Parties to appeal, or certiorari.*—When an order is made by a justice of the peace, on the hearing under a search-warrant, (Code, sections 3774-91,) directing the constable to deliver to the claimant the property described in the warrant, the proceeding loses the character of a

public prosecution, and becomes a civil cause, between the claimant, as plaintiff, and the defendant; and it may be so described, without naming the State as a party, when the proceedings are removed by *certiorari*, at the instance of the defendant, into the circuit or city court of the county.

2. *Jurisdiction of justice, and of city court on appeal.*—The jurisdiction of a justice of the peace, under a search-warrant, to render judgment in favor of the claimant, for the return of the property described in the warrant, is purely statutory, and dependent on the ascertainment of the jurisdictional fact, that the property has been stolen or embezzled, as alleged in the affidavit for the warrant; and the ascertainment of that jurisdictional fact cannot be inferred from the mere rendition of a judgment in favor of the claimant; yet, if the pro· ceedings are removed by *certiorari*, at the instance of the defendant, into the circuit or city court of the county, where such judgment is reversed and annulled, that court has no authority to order the restoration of the property to the defendant in the writ.

APPEAL from the City Court of Montgomery.
Tried before the Hon. B. S. BIBB.

THE record in this case shows that, on the 6th June, 1864, Mary Sullivan made affidavit, before a justice of the peace, that two hogs were stolen from her premises on the 11th March preceding, and that she had cause to believe, and did believe, that Patrick Robinson "did steal, take, and carry away said hogs, with intent to convert them to his own use;" that the justice thereupon issued a search-warrant for the examination of the defendant's premises, returnable before himself on the same day; that the writ was executed by a constable, whose return stated that he found the hogs in the defendant's possession; that the cause was heard before the justice on the 27th June, 1864, when a judgment was rendered by him, which was thus entered on his docket: "Judgment rendered in favor of plaintiff, and order issued and delivered to J. Peacock, constable, to deliver the hogs described in the warrant to Mary Sullivan, claimant;" and that on the 29th June, 1864, the defendant filed a petition for a *certiorari*, to remove the proceedings into the city court. The petition alleged, that the two justices before whom the case was heard, "in rendering judgment in said case, publicly announced in the court-room that they acquitted the defendant of all criminal intent in taking the hogs, and that they believed he acted conscien-

tiously in claiming them as his property, or words of that import; but that they believed, from the weight of the testimony in the cause, that the hogs belonged to Mrs. Sullivan, the claimant."

On the trial in the city court, as the bill of exceptions states, "the plaintiff moved to strike the cause from the docket, on the ground that the case before the justice was in the name of the State as plaintiff, while the cause entered on the docket in the city court was in the name of Mary Sullivan as plaintiff" ; and she also moved to dismiss the *certiorari*, "on the ground that it was issued to bring up a cause in which Mary Sullivan was plaintiff, and Patrick Robinson was defendant, while the papers sent up by the justice show that the cause was a search-warrant, in which the State was plaintiff, and Patrick Robinson defendant." The court overruled both of these motions, and the plaintiff excepted to its decision. The defendant then moved to quash the proceedings had before the justices, "on the ground that they had no jurisdiction to render the judgment set out in the transcript returned to the city court." The court sustained this motion, and rendered judgment, "that the proceedings had in this cause before the magistrate be quashed and held for naught, and that the property sued for be returned to the defendant"; to which ruling and judgment the plaintiff also reserved an exception. The judgment and rulings of the city court, to which exceptions were reserved, are now assigned as error.

A. B. CLITHERALL, for appellant.

MARTIN, BALDWIN & SAYRE, *contra*.

STONE, J.—We do not think there is any error of parties in this case. When an order is made under section 3786 of the Code, for the delivery of property to the claimant or owner, such order loses the properties of a State prosecution, and becomes, as between them, a civil proceeding. Only Mary Sullivan, the complainant, and Patrick Robinson, are interested in the affirmance or reversal of this order. See *Creighton v. Paine*, 2 Ala. 158.

[2.] The powers of a justice of the peace, which were invoked and exercised in the present case, are purely sta-

tutory, and summary. In such cases, the record must positively affirm every thing which is necessary to uphold the jurisdiction, or justify the order made. The jurisdiction cannot rest on intendment.—See *Connoly v. Ala. & Tenn. Rivers Railroad Company*, 29 Ala. 373, and authorities cited; *Logwood v. Bank of Huntsville*, Minor, 23; *Bates v. Planters & Merchants' Bank*, 8 Porter, 99; *Lamar v. Commissioners' Court*, 21 Ala. 772; *Commissioners' Court v. Thompson*, 15 Ala. 134; *Commissioners' Court v. Bowie*, 34 Ala. 461; Code, section 3786. The power of the magistrate, or justice of the peace, under section 3786 of the Code, to cause the property to be delivered to the owner, is limited to cases in which such property was "*stolen or embezzled*." The ascertainment of the fact that the property was "stolen or embezzled," is the jurisdictional fact in the cause, which alone authorizes the justice to make the order. The present record does not affirm that fact to exist; and under the authorities cited *supra*, we are not at liberty to infer its existence from the brief statement, "judgment rendered in favor of plaintiff," as found in this record.

The city court rightly adjudged, that the proceedings had before the justice, so far as they award an order for the delivery of the hogs to the claimant, be set aside, annulled, and quashed. That portion of the order of the city court, which directs that the property sued for be returned to the defendant, was unauthorized, and is therefore reversed.

Reversed and here rendered.