# Thrash *et al v.* Bennett.

*Trover for Conversion of Seed Cotton.*

1. *Search-warrant; what void.*—A search-warrant, based on affidavit that on a certain date "5,000 pounds seed cotton were taken from affiant's premises," and that "there is probable cause for believing said cotton on" a named plantation, occupied by two designated persons, and stating these facts as grounds upon which it issues, is void; neither warrant nor affidavit disclose any statutory ground.

2. *Exception; what not equivalent to.*—A recital in the bill of exceptions, that a party "objected to the charge requested, and to the giving of the same, but his objection was overruled, and the charge given to the jury," is not tantamount to a statement that the party excepted to the giving of the charge, and will not authorize the appellate court to revise it.

3. *Charges; when may be refused.*—Charges requested, must assert correct legal propositions in view of the evidence, must not be abstract, ambiguous, or calculated to mislead, and must be true and consistent with the evidence, in all their postulates of law and fact; if wanting in any of these particulars, it is the privilege, if not the duty of the court to refuse them, and its action in doing so is no cause for reversal.

4. *Evidence; what irrelevant.*—In trover for conversion of plaintiff's cotton, the seizure of which was sought to be justified under a void search-warrant, and on the ground that it was stolen from defendant by laborers of plaintiff's tenants, evidence that the grand jury failed to find a true-bill against them, or of the number of "colored men" on such jury, are matters entirely foreign to the issue, and properly excluded.

5. *Mortgage of chattels; what valid.*—A mortgage of chattels is good, whether made orally or in writing; so, also, is a mortgage of a crop to be grown; and when the crop is produced the mortgagee is entitled to possession, and may maintain an action for its recovery.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

The appellee, Armistead Bennett, brought his action of trover against the appellants, Thrash, Day, and Cochran, for the conversion of 4,714 pounds of seed cotton.

[Thrash et al v. Bennett.]

Bennett and one Ables leased lands in Dallas county for the year 1872. They then divided the land among themselves, and Bennett leased some forty acres of his portion to one Dennis Cochran, who agreed to cultivate the same that year. Bennett furnished Cochran a mule, for the use of which he was to pay $25, and, pursuant to their contract, advanced about $100 in supplies, to enable him to make a crop. Cochran agreed to pay one bale of cotton for rent of the land, and to repay out of the crop the amount agreed on for the hire of the mule and the amounts advanced him. Cochran, in the month of February, of that year, moved upon the lands, with his laborers, and planted a crop of corn and cotton. The plaintiff testified that he "executed a mortgage to him (Bennett) on the crops of corn and cotton to secure the payment of the bale of cotton rent, the $25 for mule, and the amount thereafter to become due for advances." It was agreed in the lease that the crops raised by Cochran should not be disposed of until he had paid Bennett in full. Whether this mortgage was in writing, or not, the evidence does not disclose. Cochran, in his testimony, stated that "he executed a mortgage on the crops of corn and cotton so to be raised, and that by it the crops were not to be removed, unless by plaintiff's consent, until he was paid the rent, mule hire, and advances."

Cochran raised and "housed" a crop of corn and cotton on the place that year, and paid Bennett the bale of cotton for rent, but did not pay him the mule hire or advances. On the 12th day of November, of the same year, the appellee, Bennett, having cause to believe, for reasons which he stated, that certain of his cotton in the seed, which had been taken from his premises, had been stolen by Cochran's employes, and carried on the premises of Cochran, went before one Jerry Haralson, a justice of the peace of the county, to obtain what he called a search-warrant, and made the following affidavit before Haralson:

"State of Alabama, Dallas county. Before me, Jerry Haralson, a justice of the peace, E. B. Thrash being duly sworn, deposeth and saith, that on the night of November 10th, he 5,000 pounds of seed cotton taken from his premises; and that there is probable ground for believing that said cotton on the plantation of Dr. Benjamin E. Cobb, now occupied by Sam Ables and Armistead Bennett.

"E. B. THRASH."

"Sworn to and subscribed before me, this 11th day of November, 1872.　　　　"JERRY HARALSON, J. P."

[Thrash et al v. Bennett.]

Upon the making of this affidavit, the justice of the peace issued a search-warrant directed to "the sheriff or constable" of the county, reciting the facts contained in the affidavit, and in addition that "there is probable ground for believing it (the cotton) is in the possession of said Armistead Bennett and Sam Ables," and directing the officer to make immediate search on said plantation, either in the day or night time, for the said seed cotton, and if the same, or any part thereof, be found, to bring it forthwith before the justice.

One Boykin Norwood was specially deputized to execute this warrant. Armed with this warrant, Thrash and the special constable went to the houses on Cochran's premises, and against his and Bennett's consent, seized and carried away certain seed cotton therein, informing them at the time that they did so under authority of said search-warrant. This cotton, the testimony for the plaintiff tended to show, was raised on the premises by said Dennis Cochran; while on the other hand, the testimony for the defendant tended to show that it, or a portion of it, were carried there from Thrash's premises. The cotton thus seized was carried before Haralson, and he allowed Thrash to retain it, upon giving bond, with his co-defendants as sureties, in double the value of the cotton. This bond recited that Thrash had commenced suit before Haralson to recover the cotton from said Bennett and Ables, and was conditioned to pay them all costs and damages as they might sustain if he failed in the suit. There is no evidence, however, of any other suit than the so-called search-warrant. After getting possession of the cotton, it was ginned, packed, and delivered to Hardie & Robinson, commission merchants, who, by direction of the defendants, sold it.

The witness Thrash, in his testimony, after testifying that he had gone before the grand jury and procured an indictment against several of Cochran's hands for grand larceny, for the stealing of the cotton in controversy, stated that a demurrer was sustained to the indictment on account of some informality; and by direction of the judge of the Circuit Court, he went before the next grand jury to have another indictment preferred, but so far as he knew, no new indictment had been found. "The defendants then offered to prove by said Thrash that twelve of said grand jury were colored; but the court, on motion of plaintiff, would not allow such proof to be made, and defendants excepted."

The court, at the request of the plaintiff, charged the jury

[Thrash et al v. Bennett.]

that the search-warrant was void; and if Thrash took cotton on which Bennett had a mortgage, and the other defendants aided him in it, by going on his bond, and having the cotton sold by Hardie & Robinson, &c., plaintiff would be entitled to recover of all the defendants.    The bill of exceptions then recites: "To which said charge so requested, and to the giving of the same, the defendants objected; but the objection was overruled, and the said. charge was given to the jury."   The defendants then requested the following charges in writing:

1.   If the jury believe from the evidence that the cotton alleged to have been taken by the defendant was raised by Dennis Cochran, upon the land rented from the plaintiff by said Dennis for the year, and as plaintiff's tenant, then the plaintiff had a landlord's lien on said cotton, and had no such interest or property in said cotton as would authorize him to recover in this action, and the jury must find for the defendant.

2.   If the jury believe from the evidence that the substance of the contract between Cochran and plaintiff was that plaintiff was to furnish Cochran with land, and a mule, and supplies while cultivating said land, and that said Dennis agreed to give the plaintiff one bale of cotton, and such other portion of such crops as would be sufficient to pay for said supplies, then the plaintiff has no such interest in the cotton alleged to have been taken from Cochran as will authorize him to maintain this suit..

3.   If the jury believe from the evidence that any portion of the cotton belonging to the defendant had been by the owner or by the plaintiff wilfully mixed with the cotton alleged to have been taken by defendant, without the knowledge, fault, or consent of defendant, so that the cotton belonging to the defendant could not be separated from the cotton alleged to have been taken by the defendant, and that said cotton, so mixed, is herein sued for, then the jury can not find for the plaintiff.

4.   If the jury believe from the evidence that the cotton alleged to have been taken by defendant, was taken under and by virtue of a search warrant, issued in accordance with law, by an officer duly authorized to issue the same, and executed by an officer duly authorized to do so, by seizing said cotton, and that the cotton so seized is that alleged to have been taken by defendant in this action, and that said cotton was carried before the officer issuing said search-warrant, and that said officer or magistrate has never dis-

[Thrash et al. v. Bennett.]

posed of said property by trial, then the plaintiff can not.
recover in this action."

The court refused to give either of these charges, and the
defendants duly excepted.

There was a verdict and judgment for plaintiff in the·
court below, and the defendants appeal. The charge given
at the instance of the plaintiff, the refusals to charge as
requested by defendants, and the refusal to permit the
witness, Thrash, to testify as to the color of the persons
composing the grand jury, are now assigned for error.

REID & MAY, for appellants.

PETTUS, DAWSON & TILLMAN, contra.

STONE, J.—We propose to consider only the questions·
raised by the assignments of error.

There was certainly no error in excluding from the jury
evidence that twelve of the persons composing the grand
jury at a certain term, were colored men, or freedmen.
Such testimony could have shed no legitimate light on any
question ·raised by this record. The controlling matter of˙
contest was, whether the cotton belonged to Bennett, the
plaintiff, or Thrash, one of the defendants. The tendency
of the testimony offered, would have been to multiply the
issues unduly, and to confuse the jury in their delibera-·
tions. The whole action of the grand jury, first and second,
presented questions foreign from the issues being tried, and,
if objected to, should have been excluded.—*Governor v.
Campbell*, 17 Ala. 566; 1 Brick. Dig. 809, § 81; *Mobile
Marine Dock, &c. v. McMillan*, 31 Ala. 711; *Crews v. Thread-
gill*, 35 Ala. 341.

There is no exception reserved to the affirmative charge·
given, which justifies us in considering it.—*Gager v. Gordon*,
29 Ala. 341.

To authorize the reversal of a cause on account of charges
asked and refused, the charge asked must assert a correct
legal proposition in view of the evidence before the jury;·
must not be abstract, ambiguous, or calculated to mislead,
and must be true and consistent with the evidence in all its
postulates of law and fact. If it be wanting in any one of
these particulars, it is the privilege, if not the duty of the
court, to refuse it.—1 Brick. Dig. 338–9, §§ 41, 48, 59, 60,
61, 65; *McLemore v. Nuckolls*, 37 Ala. 675.

Among the questions raised by the charges asked, is the·

[Thrash et al v. Bennett.]

legality of what is called, in the record, a search-warrant. The grounds on which such warrant may be issued, and the manner of suing it out, are shown in Revised Code, § 4377, and sections following. Section 4377 declares on what grounds a search-warrant may be issued. An examination of the affidavit and warrant of search will show that they charge no criminal offence, and specify none of the grounds mentioned in the statute. Section 4378 declares that such search-warrant " can only be issued on probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and place to be searched." Sections 4379, 4380, declare what preliminary proof shall be made; and section 4381 gives directions for the issue of the warrant. The affidavit and warrant in the present record are so manifestly imperfect, that we deem it unnecessary to specify the imperfections. They are void. *Duckworth v. Johnson,* 7 Ala. 578; *Sullivan v. Robinson,* 39 Ala. 613.

Two witnesses examined in this cause testify that Dennis Cochran rented land from Bennett, the plaintiff, and became his tenant. They also testify that Cochran executed a mortgage to Bennett on his crop to be grown, to secure the agreed rent, the hire of a mule, and for advances to be made by Bennett; and that the last two items remained unpaid when the present action was brought. There was no objection or exception to this evidence, and we are not informed whether the mortgage was in writing, or was oral. A mortgage of chattels, however, is good in either form.—*Morrow v. Turney,* 35 Ala. 131. And a mortgage on a crop to be grown is good; and when produced, the mortgagee is entitled to the possession, and may maintain an action for its recovery.—2 Brick. Dig. 245, §§ 9, 11; *Doe, ex dem. v. McLosky,* 1 Ala. 708; *Knox v. Easton,* 38 Ala. 345; *Mansony v. U. S. Bank,* 4 Ala. 735; *Booker v. Jones,* 55 Ala. 266.

The first charge asked entirely ignored the question of mortgage, and was rightly refused on that account. True, if only the relation of landlord and tenant had existed, the charge would have asserted a correct legal proposition. But the charge withdrew from the consideration of the jury all the testimony tending to prove a mortgage.

If the word *substance,* in the second charge, be emphasized, or if it had said, if the jury believed there was no other contract than the one supposed in the charge, then, on a technical criticism, the charge might be pronounced

(12)

correct, as far as it goes. But it, like the first, ignores the proof of mortgage. Its tendency was to mislead, and the court did not err in refusing it.

The third charge contains a singular repugnancy. Its language is: " If the jury believe from the evidence that any portion of the cotton belonging to the defendant [Thrash] had been by the owner [Thrash] or by the plaintiff [Bennett] wilfully mixed with the cotton alleged to have been taken by the defendant," &c. It is manifest that if the cotton was mixed, and the confusion produced by Thrash, this could not defeat Bennett's suit. This charge was correctly refused on this ground, if for no other.

In declaring the search-warrant void, we have, in effect, said the fourth charge should not have been given. It was abstract.

Affirmed.