[No. 2624.  Sept. 29, 1922.  Rehearing Denied Jan. 16, 1923.]

SUPULVER et al. v. GILCHRIST & DAWSON, Inc., et al.

### SYLLABUS BY THE COURT

(1)  Under section 1536, Code 1915, a defendant in a larceny case is, after conviction, barred from litigating the question of the ownership of the stolen property with the owner thereof as alleged in the indictment.          P. 341

(2)  Where a party has had no opportunity to plead estoppel or former adjudication, he may nevertheless show the same in proof, and avail himself thereof.          P. 343

Appeal from District Court, Lincoln County; Ed Mechem, Judge.

Action by George W. Supulver and others against Gilchrist & Dawson, Incorporated, and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded, with instructions.

H. B. Hamilton, of Carrizozo, and Percy Wilson of Silver City, for appellants.

George W. Prichard, of Santa Fe and W. C. Merchant of Carrizozo, for appellants.

### OPINION OF THE COURT

PARKER, J.  The appellee on Septemebr 5, 1919, was indicted in Grant county for the larceny and the

embezzlement of $2,619.05 in money, the property of the appellant in this case. On September 15, 1919, he entered his plea of guilty to the charges contained in the indictment, and on September 22, 1919, he was sentenced on his plea to serve a term in the state penitentiary of not less than three nor more than five years. Thereupon the money, which had been seized by the officers who arrested appellee, was delivered to appellant. Thereafter, on November 27, 1919, this action was brought by appellee in Lincoln county against appellant for money had and received to the use of appellee in the sum of $2,619.05. The appellant plead a general denial. The trial resulted in a general verdict for appellee for $2,369.05, and the jury made special findings as follows:

"Q. Is George W. Supulver, the plaintiff in this case, the same George W. Supulver who was by indictment No. 7364 of the Grant county district court charged with larceny of $2,619.05, of the property of Gilchrist & Dawson, Incorporated? A. Yes.

"Q. Is the Gilchrist & Dawson, Incorporated, a corporation, referred to in the indictment No. 7364 of the Grant county district court the same Gilchrist & Dawson, a corporation which is defendant in this cause? A. Yes.

"Q. Is the $2,619.05 in money referred to in said indictment No. 7364 of the Grant county district court the same money for the recovery of which this action is brought? A. Yes.

"Q. Is the $2,619.05 in money referred to in said indictment No. 7364 of the Grant county district court the same money which it has been testified in this case was taken from the possession of the plaintiff George W. Supulver? A. Yes."

At the close of the trial counsel for appellant moved for an instructed verdict upon the ground that the proof showed that the money sued for in the case was the same money taken from the posession of the appellee, and which was the subject of the indictment heretofore mentioned, to which indictment appellee had plead guilty, and that therefore there was no issue of fact to submit to the Jury. This motion was denied, and the case went to the jury and resulted in the verdict, heretofore mentioned, and judgment being entered on the verdict, this appeal was taken.

[1] Counsel for appellant argue that the indictment, plea of guilty, and sentence of the appellee operate as an adjudication of the title to the money involved, and estops the appellee from asserting claim to the same by force of the provision of section 1536, Code 1915, which is as follows:

"The officer who shall arrest any person charged as a principal or accessory in any robbery or larceny, shall secure the property charged to have been stolen, and shall be responsible for the same and shall annex a list of the same on his return of the warrant and upon conviction of the offender the stolen property shall be returned to the owner: Provided, that if the owner of the articles stolen or taken shall prove his legal ownership before any court, it shall be restored to him forthwith."

By the ancient common law an order for restoring stolen goods could be obtained only by the now obsolete proceeding by appeal. In 1529, however, the statute of 21 Hen. 8, c. 11, was enacted, and provided that justices of gaol delivery might, after conviction, award writs of restitution of the property to the owner. This statute is a part of our common law. 2 Bishop's New Cr. Proc. 755 et seq. Although this statute contemplated a writ to be issued by the court, it was liberally construed, and the actual writ was soon dispensed with, and the property was simply turned over to the owner as his own. Thus in 1 Chitty's Cr. Law (5th Am. Ed.) 820, it is said:

"The justices of goal delivery are, by the statute 21 Hen. 8, c. 11, directed to award a writ of restitution to the owner, as soon as the felon is convicted. But, it is said, that no such writ has, for upwards of 200 years, been issued; but the constant practice is for the judges or justices, without any precept, to order the goods brought into court to be restored to the parties indicting. And, after the conviction of the offender, the proprietor may take his goods wherever he can find them, so that it be effected without any breach of the peace, because he satisfied public justice, and is entitled to a writ of restitution, whenever he thinks fit to demand it."

In Isaacs v. State, 23, Md. 410, the statute (Code 1860, art. 30 § 98) is quoted in the syllabus to the effect that the person found guilty of larceny "shall

restore the money, goods or things taken, to the owner, or shall pay to him the full value thereof.'' In commenting upon the meaning of this section the court said:

"By referring again to the 98th section of the 30th article of the Code, it will be readily perceived that this part or clause of the section is merely declaratory of the rights of the owner to the things stolen, and of the duty of restoration or payment by the prisoner."

In this particular the statute of Maryland, while different in form, is like ours in substance, in this, that it amounts to a declaration that upon the conviction of a person charged with larceny the owner thereupon has a right to the things stolen without any further adjudication.

In Pennsylvania the statute provided:

"On all convictions for robbery, burglary, or larceny * * * the defendant shall, in addition to the punishment heretofore prescribed for such offenses, be adjudged to restore to the owner the property taken, or to pay the value of the same, or so much thereof as may not be restored." Act March 31, 1860, § 179 (Pa. St. 1920, § 8273).

The court in Huntzinger v. Com., 97 Pa. 336, in considering this statute said:

"In every case, to support a judgment of restitution, the indictment must show that the money or other thing was actually obtained * * * by the defendant."

The court, after quoting from a former case, says further:

"And this language is just as apposite, where judgment of restitution is claimed, if the indictment does not charge the taking or obtaining of the thing asked to be restored."

We understand this language to mean that when an indictment charges the larceny of the goods and chattels of another and the defendant is convicted, it is a determination that the property belongs to the person in whom the title is charged in the indictment, and that thereupon under the Pennsylvania statute the court is authorized to enter a judgment of restitution to the owner.

It would seem clear, under the English statute and those American statutes above referred to, that the conviction of the defendant is the essential fact which establishes the right of property as between him and and the owner, as charged in the indictment. The statutes differ as to the procedure to make available that result. Some require a formal order of restitution. Some require proof of title in addition to the verdict. See State v. Williams, 61 Iowa, 517, 16 N. W. 586. But under the English statute, and our own, no formal writ of restitution is required. The conviction is the essential thing. Our statute, when it provided that upon conviction "the stolen property shall be returned to the owner," must mean that the court and its officers, in whose custody the property is, shall return the same into the owner's possession, as was practiced under the English statute, and the owner, as charged in the indictment, may take the goods wherever he can find them. Such results are clearly inconsistent with any right of a defendant, after conviction, to litigate with the owner, as charged in the indictment, the quesiton of the right of the property involved in the criminal case. See to this effect Lance v. Cowan, 1 Dana (Ky.) 195; Sullivan v. Robinson, 39 Ala. 613; Com. v. Boudrie, 4 Gray (Mass.) 418; Scattergood v. Sylvester, 15 Q. B. 506, 117 English Reprint, 551.

Counsel for appellee argue that the language in the last clause of the statute requires proof before the court as to title. But it is clear that this is required only in case possession of the property is desired prior to conviction.

[2] On argument counsel for appellee presented the proposition that as the former conviction was not pleaded by the defendant, it cannot be relied upon either as an estoppel or former adjudication. We of course recognize the general rule that such matters must ordinarily be pleaded to be available. But there are many exceptions to the rule. One exception is sufficient in this case, and that is that where there

has been no opportunity to plead the former adjudication, it may be shown and relied upon at the trial. 21 C. J. "Estoppel" Sec. 250: 23 Cyc. p. 1524. In this case, as heretofore stated, the complaint was for money had and received to the use of plaintiff. The answer was a general denial. At the time of filing the answer the particular subject-matter was not identified, and defendant could not, without anticipating the plaintiff's case, plead the former adjudication. It was during the trial that the facts were disclosed, that the subject-matter was the same as that covered by the conviction. Under such circumstances it was clearly the right of the defendant to give evidence of the conviction, as it did, and to rely upon the estoppel arising therefrom, which was denied by the court. The considerations heretofore mentioned lie at the foundation of the whole case of the plaintiff and appellee, and are fatal to his recovery. The other questions presented in the case will therefore not be considered.

It follows from all of the foregoing that the judgment of the district court is erroneous, and should be reversed, and the cause remanded, with instructions to dismiss the complaint of plaintiff on the merits; and it is so ordered.

RAYNOLDS, C. J., concurs.