Taft, C. J.
Each of the two policies involved in the instant action as well as the third policy involved in the Florida case provided that it should not take effect until the policy was delivered “during the good health of the * * * insured.”
The trial court held that, as alleged in the answer of the insurer, the insured, Denton, was not in good health on March 16, 1955, the date when plaintiff alleges and the trial court found that the first policy was delivered, or on April 11, 1955, the date when plaintiff alleges and the trial court found that the second policy was delivered.
In view of these two findings, the trial court held, in accordance with the decisions of this court, that the bank could not recover. Metropolitan Life Ins. Co. v. Howle (1900), 62 Ohio St., 204, 56 N. E., 908; (1903), 68 Ohio St., 614, 68 N. E., 4; John Hancock Mutual Life Ins. Co. v. Luzio (1931), 123 Ohio St., 616, 176 N. E., 446.
*399 Therefore, unless the portion stricken from the bank’s amended reply contains allegations of a judgment against the insurer that would estop the insurer from relitigating the issue as to the good health of Denton on March 16, 1955, the bank could not recover on the policy delivered on that day.
The allegations of the bank’s amended reply do describe a judgment against defendant on the third policy issued on April 11, 1955. Recovery by the beneficiary on that policy might determine the good health of Denton on April 11, 1955, but it would not necessarily determine the good health of Denton on March 16,1955. Denton’s good health on March 16, 1955, would not have been an issue in the Florida case based on the policy issued on April 11, 1955.
Where a judgment is relied upon as determining an issue against a party to the judgment and estopping that party from relitigating that issue, the one so relying upon that judgment must allege that that judgment necessarily determined that identical issue. Lessee of Lore v. Truman (1859), 10 Ohio St., 45; Porter v. Wagner (1881), 36 Ohio St., 471; Norwood v. McDonald et al., Admrs. (1943), 142 Ohio St., 299, 52 N. E. (2d), 67; Taylor v. Monroe, Treas. (1952), 158 Ohio St., 266, 109 N. E. (2d), 271; Bernhard, Admx., v. Bank of America Natl. Trust & Savings Assn. (1942), 19 Cal. (2d), 807, 122 P. (2d), 892; 30A American Jurisprudence, 422, Section 375.
It follows that, although proof of the allegations of the bank’s amended reply might have established that the Florida judgment could estop defendant from asserting as an affirmative and complete defense to the second policy that Denton was not in good health on April 11, 1955, it could not estop defendant from setting up as an affirmative and complete defense to the first policy that Denton was not in good health on March 16,1955. The good health of Denton on March 16, 1955, was not an issue in the action brought on the third policy in the Florida court.
The insurer contends also that the bank cannot assert the Florida judgment as an estoppel against the insurer (even as to the April 11, 1955, policy) because
(1) the bank was neither a party nor in privity with a party to the Florida action, and
(2) no mutuality of estoppel can exist because the insurer *400 could not have relied upon a judgment in the Florida case in its favor as an estoppel against the bank which was not a party to the Florida case. See Developments in the Law — Res Judicata (1952), 65 Harvard Law Review, 818, 862.
On the other hand, the bank contends that this court should follow those authorities which have abandoned the requirement of mutuality of estoppel and which permit one not a party or in privity with a party to a judgment to use that judgment as an estoppel against one who was such a party or in privity with such a party to that judgment. See for example Coca Cola Co. v. Pepsi-Cola Co. (1934), 36 Del., 124, 172 A., 260; Bernhard v. Bank of America, supra (19 Cal. [2d], 807); Cantrell v. Burnett & Henderson Co. (1948), 187 Tenn., 552, 216 S. W. (2d), 307; Gammel v. Ernst & Ernst (1955), 245 Minn., 249, 72 N. W. (2d), 364, 54 A. L. R. (2d), 316; Liberty Mutual Ins. Co. v. George Colon & Co., Inc. (1932), 260 N. Y., 305, 183 N. E., 506; Supulver v. Gilchrist Dawson, Inc. (1922), 28 N. M., 339, 211 P., 595; Eisel v. Columbia Packing Co. (D. Ct. Mass., 1960), 181 F. Supp., 298. See also Schimke, Admx., v. Earley (1962), 173 Ohio St., 521, 523 et seq., 184 N. E. (2d), 209. Cf. Gibson v. Solomon (1939), 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903; Wright, Admr., v. Schick (1938), 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882; Conold v. Stern (1941), 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003.
We do not deem it necessary to decide in the instant case whether this court should follow those authorities. The reasons for the conclusions which they reach, as well as the reasons for ever having a judgment operate as an estoppel, militate against use of the Florida judgment as an estoppel in the instant case.
The reasons generally given for estopping a party (even where there is no mutuality of estoppel) to a judgment from relitigating an issue determined against him by that judgment are
(1) that public policy requires an end to litigation, and
(2) that the public is interested in protection of a person from being twice vexed for the same cause. Bernhard v. Bank of America, supra (19 Cal. [2d], 807), 811; Coca-Cola Co. v. Pepsi-Cola Co., supra (36 Del., 124), 130, 131; 2 Freeman on Judgments (5 Ed., 1925), 1318, Section 626; 30A American Jurisprudence, 373, Section 326.
*401 In the instant case, where the hank has never previously had to oppose or been “vexed” by the insurer’s affirmative defense that Denton was not in “good health” on the dates when the bank’s policies were delivered, it is obvious that the second reason does not apply.
Also, allowing the bank in the instant case to assert the Florida judgment as an estoppel against the insurer would have no substantial effect in ending litigation between the bank and the insurer. As hereinbefore pointed out, the Florida judgment cannot estop the insurer from litigating the issue as to Denton’s “good health” on March 16,1955, when the first policy was delivered. The same witnesses would necessarily testify at the same time and at the same trial on the similar but not identical issue as to Denton’s “good health” on April 11, 1955. Thus, permitting reconsideration of the latter issue, notwithstanding the Florida judgment which determined it against the insurer, would interfere only very slightly, if at all, with the end of litigation between the insurer and the bank.
Furthermore, there are reasons for requiring mutuality of estoppel. Thus, it is stated in Developments in the Law— Res Judicata, 65 Harvard Law Review (1952), 818, 862:
“The justification for this requirement has been said to be that a party may be unwilling to press his case to the utmost in a particular suit, and that it would penalize him to enable strangers to take advantage of his laxity; that an adversary system requires that ‘a party to an action should [normally] risk the loss of rights or the creation of liabilities only with reference to his adversaries;’ or that a jury may often reach results inconsistent with the truth, and that such a mishap should not affect a losing party outside the particular litigation. ’ ’
See also Coca Cola Co. v. Pepsi-Cola Co., supra (36 Del., 124), 133, 134.
Such reasons for requiring mutuality of estoppel may generally have little weight. However, that little weight is sufficient to enable them to far outweigh the slight, if any, weight in the instant case of the reasons generally given for estopping a party to a judgment from relitigating an issue determined against him by that judgment.
As hereinbefore pointed out, even the authorities relied *402 upon by the bank will not support the conclusion that the insurer can be estopped by the Florida judgment from litigating the issue as to Denton’s “good health’’ on March 16, 1955. Thus, to permit the bank to assert the Florida judgment as an estoppel against the insurer in the portion of the instant case relating to the second policy issued on April 11, 1955, would result in a holding in the same action for the insurer on the March 16 policy and for the bank on the April 11 policy, even though the evidence in this case clearly discloses that the insured’s health was no better on April 11 than it had been on March 16. This would be an anomalous result that would hardly reflect any credit upon our courts.
It may be added here that there may even be a difference between the law of Florida and the law of Ohio, and the insurer liad nothing to do with the selection of either jurisdiction as a place in which to litigate. This could explain the result of this judgment which holds for the insurer on one April 11 policy, even though there is a judgment in Florida against the insurer on another policy of the same date involving the same question of insured’s good health on that date.
For the foregoing reasons the judgment of the Court of Appeals is reversed, and that of the Common Pleas Court is affirmed.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.