STATE v. WILLIAMS.

|61 517|
|102 548|

1. **Search-warrant**: ACQUITTAL OF DEFENDANT: DISPOSITION OF PROPERTY. Where money was taken from defendant upon a search warrant, but on the trial of the defendant she was found not guilty of stealing the money as charged, *held* that she was entitled to have the money returned to her, and it was error for the court to retain the case on the docket, after verdict of acquittal, and to call a jury to try the question as to the ownership of the money. That was a matter wholly between the defendant and the person claiming, as against her, the right to the money, and was of no concern to the state.

*Appeal from Dubuque District Court.*

FRIDAY, SEPTEMBER 21.

THIS was originally an action upon an indictment for the larceny of certain money. The defendant was acquitted, but the case was retained upon the docket for the purpose of trying the title to the money which had been taken upon a search warrant, and which was alleged to be the subject of the larceny. There was a trial to a jury, and a verdict was rendered in these words: "We the jury find the money ($290) in question to be the property of W. H. H. Miller." The court then made an order that the clerk of the court (who had the money in custody) pay the money to Miller, and rendered judgment against the defendant for costs. She appeals.

*Pollock & McNulty*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The question presented in this case pertains merely to a civil right. The attorney general expresses doubt as to his duty to appear in the case, but has thought best, out of caution, to do so.

A correct understanding of the question requires a somewhat fuller statement of the facts. The search warrant upon

which the money was taken was issued at the instance of Miller, the claimant of the money and prosecuting witness in the case. The charge against the defendant was that she came into possession of the money by finding, and unlawfully appropriated the same to her own use, and thereby became guilty of larceny, under section 3907 of the Code. The whole amount of money taken upon the search warrant was $423.60. Upon a hearing before the justice of the peace who issued the search warrant, it was found by him that $290 of the money belonged to Miller; and he accordingly made an order that such money be delivered to Miller. From this order the defendant, Williams, appealed to the district court, and, for the purpose of superseding the execution of the order, filed an appeal bond. The justice deposited the money in question in the hands of the clerk of the court. After the acquittal upon the indictment, the defendant filed a motion for an order for a return of the money to her, which motion the court overruled. The court, against the objections of the defendant, ordered a jury to be called to try the title to the money. The defendant filed a motion to dismiss the case, which motion was overruled. A trial to a jury was then had, and resulted as above set forth.

If the defendant had been convicted of stealing the money in question, the duty of the district court would have been clear. Section 4657 of the Code provides that if the "property stolen or embezzled has not been delivered to the owner, the court before which the conviction was had may, on proof of his title, order its restoration." In such case, the conviction would be sufficient evidence that the money did not belong to the defendant. The only question for the court would be as to whether it belonged to the person from whom is was alleged to have been stolen. The court, we presume, might properly enough proceed to determine such question in a summary way. No third person would be affected by the finding.

But we have a case where the defendant was acquitted.

State v. Williams.

We must presume, then, that the money was not stolen. For such a case the statute seems to make no provision. It was probably not· deemed necessary to make any provision. The money having been forcibly taken under a search warrant from a person presumptively innocent, it would seem to follow as a matter of course that the person holding the money in custody should deliver it to the person from whom it had been thus taken.

We do not say that the judgment of acquittal was conclusive evidence of ·title in the defendant. · All that we hold is that, this action having been terminated in the defendant's favor, she was entitled to go out of court, and be placed in the same situation in which she was before the money was taken, leaving Miller, or any other person who may claim the money, to pursue his remedy by action in his own name. The state, it appears to us, could in no sense be a proper party to such a controversy. The public interest was not involved. The state, if unsuccessful, should not be put into costs, nor should the defendant in such case lose her costs.

This action having been terminated, we think that it should not have been retained upon the docket, and that the court should have sustained the plaintiff's motion to dismiss. We do not forget that the record shows that an appeal was taken from the order of the justice respecting the money.

Whether an appeal lies from such an order, and, if so, whether it lies to the district court, we do not care to consider. The trial in the district court, we think, disposed of the question involved in the appeal, if there was any.

REVERSED.