WALKER v. THE SIOUX CITY & IOWA FALLS TOWN LOT CO.

1. **Tax Sale and Deed:** DEED WITHOUT NOTICE TO REDEEM: FACTS WARRANTING.  Where land sold for taxes is taxed to unknown owners at the time of giving notice to redeem, and is not in the possession of any one, a tax deed may lawfully be made without such notice.  *Fuller v. Armstrong*, 53 Iowa, 683, and subsequent cases, followed.

2. **Pleading:** REPLY: WHEN NOT REQUIRED: INSTANCE.  Under § 2665 of the Code, where, in an action to quiet a tax title, defendant alleged that the land was taxed to it at the time the deed was executed, and that no notice to redeem was served upon it, *held* that no denial by way of a reply was necessary to put the allegation that the land was taxed to defendant in issue.

3. **Tax Deed:** RECITATION OF NOTICE TO REDEEM WHERE NONE WAS REQUIRED: ESTOPPEL.  Where the law required no notice to redeem in order to the execution of a valid tax deed, but the deed nevertheless recited the giving of such notice, *held* that such recital did not estop the holder of the deed from denying the necessity of such notice.

*Appeal from O'Brien District Court.*

WEDNESDAY, MARCH 19.

ACTION in chancery to quiet the title of certain lands in plaintiff.  There was a decree granting the relief prayed for in the petition.  Defendant appeals.

*N. D. Parkhurst*, for appellant.

*Warren Walker*, appellee, *pro se.*

BECK, CH. J.—I.  The plaintiff claims title to the land under a tax sale and a treasurer's deed made thereon.  The defendant in its answer claims ownership of the land, and alleges

that plaintiff's tax deed is invalid for the reason that defendant is a non-resident of O'Brien county, and had a duly appointed agent resident in that county, who was appointed pursuant to the Code, § 894, upon whom plaintiff was by law required to serve the notice of the expiration of the time for redemption, as contemplated by that section, and that such notice was not served, as required by law, upon the agent or upon defendant. The answer also alleges that the land was taxed to defendant at the time the treasurer's deed was executed. No reply was filed to this answer. The evidence shows that the land was taxed to "unknown owners," and not to defendant. It is not claimed that defendant was in the actual possession of the land. The treasurer's deed recites that notice had been given to defendant of the expiration of the time of redemption, as required by law. The action, being in chancery, is triable here *de novo*.

II. The land was taxed to unknown owners, and not to defendant, and it was not shown or claimed that it was in the possession of defendant, or any other person. The notice of the expiration of the time of redemption contemplated by Code, § 894, was, therefore, not required by that provision, and the deed could have been lawfully issued without it. *Fuller v. Armstrong*, 53 Iowa, 683; *Tuttle v. Griffin*, 64 Id., 455; *Parker v. Cochran*, Id., 757.

1. TAX sale and deed: deed without notice to redeem : facts warranting.

III. Defendant insists that, as plaintiff failed in a reply to deny the allegation of the answer, to the effect that the land was taxed to defendant, the fact stands as admitted, and it was not competent for plaintiff to establish the contrary by proof. But Code, § 2665, provides that " there shall be no reply except (1) where a counter-claim is alleged; or (2) where some matter is alleged in the answer to which plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." The answer in this case

2. PLEADING: reply: when not required: instance.

is not within either exception contemplated by this section.

IV. The deed recites that the notice had been given. If it should be held that this recital cannot be denied, it does **3. TAX DEED: recitation of notice to redeem where none is required : estoppel.** not follow that it estops plaintiff to deny that the notice was required by the law. If it had been given, defendant's rights were not prejudiced thereby. If plaintiff did more than the law required in order to notify defendant that a deed would at a specified time be taken, defendant cannot complain. The rights of the plaintiff are fixed by the law, and whatever he may have done, which operated as indulgence or favor to defendant, and in no manner affected defendant prejudicially, cannot defeat them.

V. It becomes unnecessary, in view of the conclusion we reach that plaintiff was not required by the law to give notice of the expiration of the time of redemption, to consider the questions discussed by counsel for defendant involving the sufficiency of the notice and the appointment of an agent of defendant, as contemplated by Code, § 894. No questions other than these, and those we have passed upon, are discussed by defendant. Others are discussed by plaintiff, but their consideration is not demanded, under the view we take in the case.

AFFIRMED.

ROTHROCK, J., *dissenting.*