WALKER v. THE SIOUX CITY & IOWA FALLS TOWN LOT & LAND CO.

1. **Pleading:** WHEN REPLY NOT REQUIRED: INSTANCE: ACTION TO QUIET TAX TITLE: COUNTER-CLAIM: WHAT IS NOT.  In an action to quiet a tax title, where the answer denied the validity of the tax title, and then set up the facts relied on to show its invalidity, a reply was not necessary to put those alleged facts in issue, because they were all put in issue by the petition and the general denial thereof in the answer.  See Code, § 2665.  The pleading of such facts did not amount to the setting up of a counter-claim, because a new cause of action was not thereby presented; (Code, § 2659;) and, though the answer closed with a prayer for the cancellation of the tax title, and that defendant's title and its right to redeem be established, all such relief would have resulted to defendant from a general judgment in its favor, without a special decree to that effect.  Original opinion, 65 Iowa, 563, adhered to.

*Appeal from O'Brien District Court.*

THURSDAY, SEPTEMBER 24.

*N. D. Parkhurst*, for appellant.

*Warren Walker*, appellee, *pro se.*

OPINION ON REHEARING.

BECK, CH. J.—I.  The defendant has presented to us a petition for rehearing, in which the conclusion reached in the

third point of the original opinion (see 65 Iowa, 563,) is com-
plained of, upon the ground that the abstract shows that the
allegation of the fact that the land was taxed to defendant was
made in the answer, which set up a counter-claim, and; as it
was not denied, it must be regarded as admitted. A statement
of the substance of the pleading, with a little more particu-
larity than was attempted in the original opinion, will, we
think, afford a satisfactory answer to defendant's objection to
the conclusion complained of in the petition for rehearing.

II.   The petition alleges that plaintiff holds title to the
land, and that defendant sets up some claim thereto, which,
however, is inferior to plaintiff's title.   Defendant in its
answer denies plaintiff's ownership and title to the land, and
then alleges that it holds the title thereto, as is shown by the
abstract of title annexed to the plaintiff's petition.   It then
alleges that the tax title under which plaintiff claims title is
null and void, having been unlawfully executed by the county
treasurer, and proceeds to set up the facts upon which this
claim of invalidity of the tax title is based, among which are
the facts that the land was taxed to defendant, and no notice
of the sale was given, as required by statute.   The answer
closes whith the following language:   "The defendant asks
that the tax deed of plaintiff be canceled, and that it be
allowed to redeem from said sale, and that its title to the
premises be established."

It will be observed that the answer of defendant puts in
issue the question of the validity of plaintiff's tax deed.
Plaintiff, in his petition, as shown by the abstract of title,
which is made a part of it, rests his claim of title upon that
deed.   The defendant's answer, in setting out the evidence
upon which it depends to support its allegation of the inval-
idity of the tax deed, does nothing more than to put in issue
plaintiff's title.   The plaintiff was not required to deny the
existence of the evidence showing the facts relied upon by
defendant, nor to deny the alleged facts, for they were all put
in issue by plaintiff's petition, and the general denial made

by defendant of plaintiff's title.   That denial, without more, could have been supported by the evidence of the facts specially set up in the answer, even though such facts had not been pleaded.   As these matters were all put in issue by the petition, and the general denial thereof in defendant's answer, a reply was not demanded as is provided by Code, § 2665.

III.   Our Code contains the following provisions:   "Sec. 2659.  Each counter-claim must be stated in a distinct division, and must be (1), where the action is founded on a contract, a cause of action also arising on a contract, or ascertained by the decision of a court; or (2) a cause of action in favor of defendants, or some of them, against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition, or connected with the subject of the action; or (3) any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiff, or all of the plaintiffs, if more than one, and which the defendant or defendants might have brought when suit was commenced, or which was then held, either matured or not, if matured when so plead."

It will be observed that the counter-claim, as contemplated by these provisions, must be based upon a new cause of action, which will not be adjudicated by the decision of the cause, unless it be presented by the answer and new issues tendered therein.  This is an obvious proposition.  Now, the issues raised by the petition, and the general denials thereof found in the answer, presented all questions involving the title of the lands.  Both plaintiff and defendant claimed title to the lands.  The validity or invalidity of all deeds and acts whereon their respective titles were based was put in issue by the petition and general denial thereof.  The facts, or the evidence of the facts, tending to support defendant's title, set out and pleaded in its answer, were all put in issue without the recital thereof in the answer.  So a judgment for defendant, without specially directing the cancella-

tion of plaintiff's tax title, would have that effect, for it would be an adjudication of the invalidity of that title, and plaintiff's right to redeem from the tax sale would be established by such a judgment without a decree especially permitting it. It thus appears that defendant's claim for relief has not an effect indicating that the answer presented a counter-claim. The conclusion reached in the third point of the original opinion is sufficiently supported by these considerations, and defendant's objection thereto urged in the petition for a rehearing demands no further attention. The petition for rehearing is overruled.

AFFIRMED.