M. E. HAWORTH v. V. F. NEWELL, *et al.*, Appellants.

Judgment: ADJUDICATION BY SEARCH WARRANT PROCEEDINGS    An adjudication by a justice of the peace in a proceeding instituted by a search warrant for the delivery of stolen property, is conclusive as to the ownership of the property against the person upon whom the warrant was served and who appeared and asserted her rights before the justice and submitted the ownership of the property to his determination, although there was no prosecution for larceny and conviction thereof, essential to put in operation Code, section 4657, authorizing a court by which a conviction is had, to order the restoration of the stolen property on proof of ownership.

SAME   Under the Code, the filing of an information accusing some person of larceny, is not a condition precedent to the issuing of a search warrant on the ground of an alleged theft of property.

JURISDICTION OF JUSTICE OF THE PEACE.   Under the Code limiting the jurisdiction of a justice of the peace to cases where the amount involved does not exceed one hundred dollars, the justice may proceed, though a larger sum is involved, if less than three hundred dollars, where the parties submit themselves to the juristion without objection; and consent to jurisdiction will be presumed where no objection appears

JUDGMENT ON PLEADINGS.   It is error to render judgment for plaintiff on the pleadings where material allegations of the petition are denied by answer.

*Appeal from Polk District Court.—Hon. Ĉ. P. Holmes, Judge.*

FRIDAY, MAY 28, 1897.

ACTION at law to recover the value of a sealskin cloak taken from the plaintiff by virtue of a search warrant. The defendants appeal from an order of the district court, which sustained a motion to strike portions of an answer, from a judgment on the pleadings rendered in favor of the plaintiff, and from an order overruling a motion for a new trial.—*Reversed.*

*N. B. Raymond* for appellants.

*T. D. Hastie* for appellee.

ROBINSON, J.— The petition states that the plaintiff is the owner of a sealskin cloak which the defendant George McNutt took from her residence in Des Moines on the twenty-sixth day of October, 1893, by virtue of a search warrant; that she acquired such ownership by purchase, and was in rightful possession of the cloak, and the defendants wrongfully took it from her, and now wrongfully detain it from her, in Polk county; and that it is of the actual value of four hundred dollars.

Alleged copies of the application for a search warrant, of the warrant and a return thereon, and of the record in the case made by the justice who issued the warrant and before whom a hearing as to the ownership of the property was had, are set out in the petition. The alleged copy of the application, verified by V. F. Newell, states that a sealskin cloak of the value of one hundred dollars or more, owned by Mrs. V. F. Newell, was stolen from her in Polk county; that the affiant "suspects and verily believes that Mrs. Haworth has stolen and taken the same," and that it was then concealed in a house described, in which Mrs. Haworth was then residing with her family. A warrant to search the premises was asked. The warrant required the officers who should serve it to make immediate search of the premises described for the property, and to bring it, if found, before the court. The warrant was signed, "J. H. Maley, J. P.," and bears a return to the effect that it was served, and a sealskin coat seized under it, which was held subject to the order of the court. The return is signed by McNutt. The copy of the justice's docket shows that Mrs. Newell, claiming the property, and Mrs. Haworth, disputing his claim, appeared before the justice; that an examination lasting several days was had; that evidence was taken, and that the court found that the coat was the property of, and that it had been stolen from, Mrs. Newell, and that the officer was ordered to deliver it to her, which was done. The petition denies that the statements made in the application were true, and alleges that no information charging the plaintiff with any crime was ever filed; that she was never prosecuted for the alleged larceny of the cloak, nor for having wrongful possession of it; that the defendants have connived, assisted, and abetted each other in taking and detaining the cloak, and that the proceedings under which it was taken and is detained are null and void. The defendants are V. F. Newell, Mrs. Newell, McNutt,

and Maley. Judgment for the possession of the cloak, or, if not returned, for its value, is demanded.

I. The Newells and McNutt joined in an answer, which contained several paragraphs, the third and fourth of which were as follows:

"*Third.* Further answering, these defendants allege that so much of said cloak as is now in the possession of Mrs. V. F. Newell was acquired by her under and by virtue of an order and judgment of J. H. Maley, a justice of the peace in and for Polk county, Iowa, duly rendered in proceedings instituted on or about the —— day of October, 1893, in the name of the state of Iowa, under chapter 50 of the Code of 1873, against the said Mrs. M. E. Haworth, as defendant; that the said Haworth appeared to said action, and pleaded thereto, and agreed to a time and place for the hearing thereof; that she resisted a motion made by the prosecution for a change of venue of said action or proceeding, and testified upon the trial, and, by her attorney, cross-examined the witnesses produced by the prosecution; that by the judgment aforesaid, Mrs. V. F. Newell was adjudged to be the lawful owner of the said cloak, and said defendant has at all times since been the owner thereof, and said judgment never having been reversed, the said Haworth is estopped by said adjudication from questioning or disputing said defendant's title in this proceeding.

"*Fourth.* That the proceedings aforesaid, whereby said cloak was taken from the possession of the plaintiff, were in substantial conformity with the statute in such cases provided, and, the plaintiff having, as hereinbefore alleged, submitted herself and the question of the ownership of said cloak, without objection, to the jurisdiction of said Maley, justice of the peace, she is now estopped from questioning or disputing such jurisdiction in this proceeding."

The plaintiff filed a motion to strike these paragraphs from the answer, and alleged, as grounds therefor, that the statements contained in the paragraphs are irrelevant and immaterial; that the paragraphs were an attempt to plead an estoppel, and that the facts set forth do not constitute an estoppel; that they plead conclusions of law and matters of opinion, and do not plead any facts which are a defense to the petition. The motion was sustained, and from that ruling the defendants appeal. The paragraphs stricken out were designed to set out a complete defense to the alleged right of action of the plaintiff, and the motion was, in its nature and scope, a demurrer, and will be so treated. The petition alleges, and the first paragraph of the answer admits, that the cloak was taken by virtue of the search warrant, and that no information, other than the application and affidavits for a search warrant required by the statute, was ever filed against the plaintiff for the larceny of the cloak, and that she has never been prosecuted for that offense. We are required to determine whether the proceedings in justice's court, including its final decision as set out in the pleadings, constitute an adjudication of the ownership of the cloak, and, if they did, whether the plaintiff, by reason of her participation in those proceedings, is bound by the adjudication. A search warrant is an order to a peace officer commanding him to search for personal property, and bring it before the magistrate. It may be issued upon several grounds, of which the only one we need to consider is, that the property was stolen or embezzled, in which case it may be taken on the warrant from any place in which it is concealed, or from any person who may have possession of it. The search warrant can only be issued upon probable cause supported by affidavit, and it must be in writing, and in the name of the state. It must be served and

returned to the magistrate who issued it, within ten days after its date. If property be taken under it, a receipt therefor must be given by the officer, and a written inventory thereof must be delivered to the magistrate. It is the duty of an officer who, in executing a search warrant, shall find any stolen or embezzled property, to keep it subject to the order of the magistrate. If the grounds upon which the warrant was issued be controverted, the magistrate must proceed to take testimony in relation thereto. The testimony given by each witness must be reduced to writing, and authenticated by the magistrate. If it appear that there is no probable cause for believing the existence of the grounds upon which the warrant was issued, the magistrate must cause the property to be restored to the person from whom it was taken; but, if it was stolen or embezzled, it must be restored to the owner upon his making satisfactory proof to the magistrate of his ownership thereof, or of his right of possession thereto, on his paying the reasonable and necessary expenses incurred in preserving and keeping it. It is made the duty of the magistrate to attach together the affidavits taken before issuing the warrant, the warrant, the return, and the inventory, and return them to the next district court of the county at or before its opening on the first day of its next term. Code, sections 4629–4634, 4636, 4642, 4643, 4645–4649, 4653–4656. We have been thus explicit in referring to various provisions of the Code, in part, for the reason that it is claimed a magistrate cannot acquire jurisdiction to dispose of property alleged to have been stolen or embezzled unless there is a criminal prosecution for the larceny. That is not the law. The statute does not, as a condition precedent to the issuing a search warrant and proceedings thereunder, require the filing of an information accusing some person of the larceny. The process is undoubtedly intended to

be an aid in detecting and punishing the crime, and it
may or may not be accompanied or followed by a
criminal prosecution, but whether there should be
such a prosecution may depend upon the facts dis-
closed by the proceedings under the information and
search warrant. The process is also useful in many
cases in discovering and restoring to its proper owner
stolen or embezzled property. But such proceedings
are not designed for the final adjudication of disputed
questions of title to property of that character. The
trial authorized is by the magistrate without a jury.
The proceedings are in the name of the state, and it is
not necessary that there be any other party to them,
although it is no doubt true that claimants of the
property may so far identify themselves with the pro-
ceedings, and present such issues, as to be bound by
the adjudication. A justice of the peace has jurisdic-
tion of search-warrant proceedings, but he has no juris-
diction to try a person accused of a public offense the
punishment for which exceeds a fine of one hundred
dollars or imprisonment of thirty days, and he has
jurisdiction in civil cases only when the amount in
controversy does not exceed one hundred dollars,
unless by consent of parties, which may extend the
jurisdiction to any amount not exceeding three hun-
dred dollars. If the application for the search warrant
in question is correctly set out in the petition, it stated
the value of the property alleged to have been stolen
to be "one hundred dollars or upwards," and therefore
showed that the justice would not have jurisdiction to
try the offense of stealing it, and that he would prob-
ably not have jurisdiction to try and finally determine
the question of title, unless by consent of parties.
But we cannot treat the alleged copies of the applica-
tion and other papers and proceedings set out in the
petition as true, for the reason that they are denied
by the answer. The portions of the answer stricken

out are indefinite and uncertain in some particulars, but fairly show that Mrs. Haworth was a party to the proceedings in justice's court; that she asserted the rights of a party, and submitted the ownership of the cloak to the determination of the court, and that she was adjudged not to be its owner. In view of these allegations, and in the absence of anything to contradict them, we cannot presume that the justice acted without jurisdiction, nor that his judgment went beyond the issues tried. It is true, the pleadings show that no information accusing the plaintiff of the larceny of the cloak, other than the application for the search warrant, was ever filed, and that she has not been prosecuted for the offense. Therefore it appears that section 4657 of the Code, which authorizes a court before which conviction is had to order the restoration of the property stolen, on proof of ownership, does not apply. It was competent for the claimants of the property to waive all question as to its value in excess of the amount of which the justice had jurisdiction, and to submit the matter of ownership to his final determination; and that this was what they did may fairly be presumed from the paragraphs of the answer stricken out. If that was the case, the defendants should be permitted to show the fact. We conclude, therefore, that the court erred in sustaining the motion to strike.

The appellee relies upon the case of *State v. Williams*, 61 Iowa, 517, as authorizing the action of the district court. That case involved the right of the court, against the objection of the defendant, who had been acquitted of the offense of larceny of money taken from her by search warrant, to impanel a jury, and determine the ownership of the money. This court held that the right did not exist, that the acquittal of the defendant justified the presumption that the money had not been stolen, and

that the defendant was entitled to go out of court, and be placed in the situation she was in before the money was taken, leaving any claimant of the money to pursue his remedy by an action in his own name. The case does not support the ruling of the district court in this case, and is in harmony with our conclusions.

II.   After the motion to strike was sustained, and an appeal from the ruling had been taken, the Newells and McNutt applied for a continuance of the cause in the district court, pending the appeal, and the application was sustained. The plaintiff thereafter moved the court to set aside the order of continuance, which was done. She then filed a motion for judgment on the pleadings, for the purpose, as stated in the motion, of determining whether the question of ownership could be inquired into under the pleadings in this case, and whether the defendants were estopped to claim ownership under their answer. The motion also asked judgment against the defendant Maley, whose answer contained substantially the same averments as those stricken from the answer of his co-defendants. The court found that the plaintiff was in the rightful possession of the cloak; that as no information charging her with the crime of larceny was ever filed, and as she was never prosecuted for that offense, the proceedings under which the defendants obtained possession of the cloak were void, and that the plaintiff was entitled to the possession of it, or to its value. Judgment was rendered in her favor according to those findings. Much of what we have said is applicable to this branch of the case, and the judgment was erroneous for the reasons already shown. It is also erroneous for the reason that material allegations of the petition are denied by portions of the answer not stricken out. As a

result of our conclusions, the orders and judgment of the district court from which the appeals were taken are REVERSED.