J. O. MONTGOMERY and GARFIELD MONTGOMERY, Appellants, v. MATT ALDEN and MRS. MATT ALDEN, Appellees.

Res judicata: PROCEEDINGS UNDER SEARCH WARRANT. Where the party at whose instance a search warrant is issued and the one against whom the warrant runs employ counsel and submit the issue of ownership of the property seized under the warrant, the finding of the Justice on that question is binding until reversed and has the effect of an adjudication, although in a technical sense they may not be parties to the action.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH, Judge.

TUESDAY, JULY 10, 1906.

REHEARING DENIED, WEDNESDAY, MARCH 13, 1907.

ACTION to recover the possession of eighteen head of hogs.     Among other things defendants pleaded a former judication as to the ownership of the property in a search warrant proceeding before a justice of the peace.     Trial to a jury, directed verdict for defendants, and plaintiffs appeal.— *Affirmed.*

*Owen Lovejoy* and *J. A. Henderson,* for appellants.

*Howard & Howard,* for appellees.

DEEMER, J.— It is agreed by counsel that the only question for our determination arises upon the plea of former adjudication. It appears without controversy that plaintiffs herein caused a search warrant to be issued out ·of the office of a justice of the peace for the identical animals involved in this controversy; that the hogs were seized under the writ, and that defendants herein appeared before the justice and made claim to the animals as their property; that plaintiffs appeared in the proceedings, employed counsel to represent them, and gave testimony to the effect that they owned the hogs. Defendants also testified in that proceeding that they owned them, and the justice, after hearing all the evidence, found that plaintiffs were not the owners of the property, and he ordered its return to defendants from whom it had been taken. No appeal was taken from this finding; but thereafter plaintiffs commenced this action to recover the possession of the animals upon the ground that they were the owners and entitled to the possession thereof.

We may assume that ordinarily a finding in a search warrant proceeding is not conclusive as to the ownership of the property; but where rival claimants appear, employ counsel, and submit the issue of ownership upon testimony adduced pro and con, the finding is conclusive, although, strictly speaking, they are not parties to the action. This is squarely decided in *Haworth v. Newell et al.*, 102 Iowa, 451. Indeed, one may be bound without being a party to proceedings. *Marsh v. Smith*, 73 Iowa, 295; *Baxter v. Myers*, 85 Iowa, 328; *Stoddard v. Thompson*, 31 Iowa, 80. But appellants' counsel insist that, while the finding in a search warrant proceeding may be conclusive upon one who was properly a party thereto as a defendant, or as the person from whom the property was taken, it is not binding upon the person who caused the warrant to be issued, even though he appears and claims to own the property, and tries the issue as to ownership. This, of course, cannot be true, and is no ground for distinguishing the Haworth case. As

a rule estoppels by judgment must be mutual, and if a finding against the defendants in the search warrant proceeding would have been conclusive against them, it must be true that a finding in their favor is equally conclusive. While plaintiffs were not, strictly speaking, parties to the search warrant proceeding, they, as owners of the property taken under the warrant, might properly appear in the proceeding and make proof of their ownership. Code, section 5563. Upon such appearance, the issue as to ownership of the property was or might have been involved, and under the doctrine of the Haworth case, *supra,* the finding on such issue is conclusive. There is nothing to distinguish this case from that, and, following the rule there announced, we must sustain the trial court in its ruling on the motion to direct a verdict for the defendants.

The judgment is right, and it is *affirmed.*