## HARRY RANDALL vs. HERBERT C. PATCH.

### York.    Opinion November 13, 1919.

*R. S. 1916, Chap. 126, Sec. 59 interpreted.    Meaning of phrase "due process of law."*
*Notice and hearing as being of the essence of due process of law.    Rule as to hear-*
*ing before a judicial tribunal being essential.    Right of any act or statute to*
*deprive an owner of his property without an opportunity for a hearing*
*and without notice.    Exceptional cases justifying the destruction*
*of private property without preliminary notice or hearing and*
*without compensation.    Rule as to there being property*
*rights or interest in an "abandoned animal."*

The defendant took the plaintiff's horse from his possession and killed it.    The
  defendant undertakes to justify the act as agent for the S. P. C. A.    He invokes
  R. S., Chap. 126, Sec. 59.    The constitutionality of this section is challenged
  by the plaintiff.

Section 59 purports to authorize such an agent to destroy any animal "found
  abandoned or not properly cared for."    Such authorization is made conditional
  upon the finding by two reputable persons that the animal is past recovery for
  any useful purpose.    No notice to or compensation for the owner is provided
  for.

The constitution of the United States and of this State forbids depriving any
  person of his property without due process of law.

Notice and opportunity for hearing are of the essence of due process of law.    A
  hearing before a judicial tribunal is not essential, but there must be notice and
  reasonable opportunity for hearing before some tribunal.

The defendant urges that a horse so diseased or injured as to be "Beyond recovery
  for any useful purpose" is not property within the purview of the constitutional
  guaranty, but this begs the question.

The plaintiff claims that the animal is not past recovery and that it has value.
  To conclusively determine this question against the plaintiff without notice or
  opportunity for hearing would be to nullify the constitutional guaranty.

The defendant argues that the necessity or expediency of any legal enactment is a
  purely legislative question.    This is true.    But a legislative enactment which
  is admittedly expedient and which has been determined by the Legislature to be
  necessary is void if it violates an express constitutional mandate.

It is true, as the plaintiff contends, that under the Police Power the use of private
  property is subject to uncompensated restriction and regulation.    In cases of

extreme and urgent necessity, as conflagrations or epidemics, it justifies the destruction of property without preliminary notice or hearing and even without compensation. But Chap. 126, Sec. 59, R. S., cannot be justified on the ground of extreme and urgent necessity, and it provides for the destruction of property and not merely its restriction or regulation.

In so far as this statute purports to authorize the taking of animals from the possession of their owners without consent of the owners and the destruction of the same without hearing and without notice, it violates explicit constitutional guaranties and cannot be given effect to by the courts.

Action of trover for the taking and killing by defendant of plaintiff's horse, defendant acting as agent or officer of the Society for the Prevention of Cruelty to Animals. Case was reported to Law Court upon certain agreed statements with a stipulation that if the Law Court should decide that the provisions of Sec. 59, Chap. 126, R. S., were constitutional, the case was to be non suited, otherwise case to stand for trial. Judgment in accordance with opinion.

Case stated in opinion.

*Elias Smith*, for plaintiff.

*Emery, Waterhouse and Paquin* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. Trover for a horse taken from the plaintiff's possession against his objection and killed by the defendant. It is conceded that when the acts complained of were done the defendant was an officer or agent of the Society for the Prevention of Cruelty to Animals, and that he had complied with all the provisions of Sec. 59, Chap. 126, R. S. The constitutionality of Section 59 is challenged. The section is as follows:

"Any officer or agent of any society for the prevention of cruelty to animals may lawfully cause to be destroyed forthwith, any animal found abandoned or not properly cared for, appearing in the judgment of two reputable persons called by him to view the same in his presence, to be diseased or injured or in a condition from lack of food, water or shelter, past recovery for any useful purpose."

This section, when enacted as Sec. 12 of Chap. 183, Public Laws of 1883, related to abandoned animals only, the language being, "any animal found abandoned and not properly cared for."

By Chapter 70 of the Public Laws of 1905 the word "and" was changed to "or". As thus amended and otherwise by the same act slightly altered it became Section 59 as above quoted.

Neither in its original or amended form does it provide for compensation for, opportunity for hearing by or notice to the owner.

The plaintiff claims that he has been deprived of his property without "due process of law;" (U. S. Constitution, 14th Amendment) and in contravention of "the law of the land," (Maine Constitution, Article 1, Section 6). The quoted phrases are identical in meaning. *State* v. *Knight*, 43 Maine, 122; *Bennett* v. *Davis*, 90 Maine, 105.

Notice and opportunity for hearing are of the essence of due process of law. *Bennett* v. *Davis*, supra; *Rusk* v. *Thompson*, (Missouri) 156 S. W., 64; *Smith* v. *State Board*, (Iowa), 117 N. W., 1117.

A hearing before a judicial tribunal is not essential, but there must be notice and a reasonable opportunity for a hearing before some tribunal. *Bennett* v. *Davis*, supra; *People* v. *Apfelbaum*, (Ill.) 251, Ill., 18, 95 N. E., 995.

An act that purports to authorize procedure depriving an owner of his property without opportunity for hearing and without notice violates both the Federal and State Constitutions.

Sec. 60, Chap. 126, R. S., in its present form, as amended in 1893, provides for notice and hearing. For want of such provisions in its original form (Act of 1883 Chap. 183, Sec. 13) it was held unconstitutional by *King* v. *Hayes*, 80 Maine, 206. See to same effect: *Loesch* v. *Koehler*, (Ind.), 144 Ind., 278, 41 N. E., 326; *Miller* v. *Horton*, 152 Mass., 544; *Brill* v. *Ohio Humane Society*, 4 Ohio C. C., 358; *Sahr* v. *Scholle*, 35 N. Y. S., 97; *Goodwin* v. *Toucy*, 71 Conn., 262, 41 Atl., 806; *Jenks* v. *Stump*, (Col.), 93 Pac., 17.

But the defendant urges that a horse which has been decided by two reputable persons to be injured or diseased and past recovery for any useful purpose is no longer property. The word "property" he contends does not include a "wreck of what was once a steed" having no utility and no value. This reasoning however begs the question. The plaintiff claims that his animal is not past recovery and that it has value. To conclusively determine this question against the plaintiff without notice or hearing would be to nullify the constitutional guaranty.

The defendant argues that the determination of the necessity or expediency of any legal enactment is within the exclusive province of

the Legislature. This is true. The court cannot declare a law to be void for the reason that it is unnecessary or inexpedient. But it may be the duty of the court to pronounce invalid an act which violates an express mandate of the constitution, even if the act is expedient and has been determined by the Legislature to be necessary.

Again, the defendant contends that Section 59 is a valid exercise of the police power. No court has ever undertaken to define the limits of the police power of the State. New occasions teach new applications of it. It is based upon Society's right of self-defense and is co-extensive with that right. *State* v. *Starkey,* 112 Maine, 12.

Under the police power the use by the owner of many species of private property has been held to be subject to uncompensated restriction and regulation. For numerous illustrations see: *State* v. *Robb,* 100 Maine, 186; *Opinion of Justices,* 103 Maine, 506; *State* v. *Starkey,* 112 Maine, 10.

In cases of extreme and urgent necessity as conflagrations, (*Farmer* v. *Portland,* 63 Maine, 47) or epidemics, (*Seavy* v. *Preble,* 64 Maine, 121), it justifies the destruction of property without preliminary notice or hearing and even without compensation.

But Section 59 provides for the destruction of property and not for restrictions upon or regulation of its use and it cannot be justified as a measure of urgent necessity.

If Section 59, now as in its original form in the act of 1883, related to abandoned animals merely our conclusion might be different. The destruction by public authority of an abandoned animal deprives nobody of property. But the section in its present form does not refer to abandoned animals only. It purports to authorize the defendant to do, without notice or hearing, what the agreed statement says he did, to wit, that he "took the horse from the plaintiff's possession against his objection" and killed it. It thus contravenes an explicit constitutional mandate.

*Action to stand for trial.*