MARY ELLEN TURNER et al., Petitioners, v. E. B. WOODRUFF, Judge, et al., Respondents.

MARY ELLEN TURNER et al., Appellants, v. JESSE LAMBERT et al., Appellees.  ·

**PLEADING:**   **Denial With Prayer for General Equitable Relief.**   A *general* denial and a prayer for general equitable relief furnish no authority whatever for decreeing defendant *affirmative* relief *after* plaintiff has dismissed his action.

**CERTIORARI:**   **When Writ Lies—Void Judgment.**   Principle reaffirmed that a void judgment may be set aside on certiorari.

**PLEADING:**   **Demurrer—Standing on Demurrer.**   A plaintiff faced by (1) a general denial, and (2) a plea of *res adjudicata,* may stand on his demurrer to the latter plea without thereby waiving the right to a trial on the merits, in case he secures a reversal on appeal.

*Appeal from Harrison District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 13, 1921.

Two cases, one an original proceeding in certiorari in this court, and the other an appeal in equity from a decree of the

district court of Harrison County, are consolidated by stipulation and submitted together by agreement of the parties, in which proceeding we acquiesce. The facts appear in the opinion. In the certiorari case, the order of the lower court is—*Annulled.* The equity case is—*Reversed and remanded.*

*Holly & Holly* and *Floyd Elston,* for appellants.

*Roadifer & Roadifer,* for appellees.

FAVILLE, J.—The petitioners in the certiorari action are the same parties as the appellants in the equity case, and will be referred to throughout as "appellants." All other parties, except the respondents in the certiorari case, will be referred to as "appellees."

1. PLEADING: denial with prayer for general equitable relief.

On November 15, 1919, appellants filed a petition in the district court of Harrison County, Iowa, in which they sought to quiet title to certain farm lands in said county. Appellees appeared in said action, and filed an answer in eight paragraphs. Said answer, aside from certain admissions, contained a denial of the allegations of plaintiffs' petition. The answer prayed that said petition might be dismissed, with costs, "and for such other and general relief as to the court may seem equitable in the premises." On March 11, 1920, appellants dismissed their said petition before final submission of said cause, without prejudice, and the court entered an order to that effect. Thereafter, on the same day, the appellees made application to the court for permission "to submit affirmative defense under their answer." Whereupon, the said application was sustained, and the court proceeded to hear evidence in behalf of the appellees in said cause, and entered a decree adjudging that the title to the land described in appellants' petition was in the appellees, and decreeing that said title be quieted in the appellees as against the claim of the appellants. The appellants, having previously dismissed their petition, in no way appeared in this proceeding, and took no part whatever in the trial.

Immediately after the entry of said decree in said cause, the appellants presented their petition to a justice of this court for a writ of certiorari, to review the action of the district court

of Harrison County in entering said decree. At approximately the same time, the appellants also instituted a new proceeding in equity in Harrison County, and filed a petition which was an exact copy of the petition filed by them in the original action, which had been dismissed by appellants. The appellees appeared in said action, and filed an answer in two counts. The first count of said answer was a copy of the answer which appellees had filed in the former action. The second count of said answer pleaded the decree that had been entered in the prior action as a complete adjudication of the matters involved between the parties. To Count 2 of the said answer, the appellants filed a demurrer, which was overruled by the court. Whereupon, the appellants elected of record to stand upon the ruling on said demurrer, and refused to plead further. The cause being called for trial upon this state of the record, the appellants introduced no testimony, and the court entered a decree dismissing appellants' cause of action. The appellants appeal from the ruling on the demurrer and from said final judgment dismissing their petition.

I.   The answer filed by appellees in the original suit in no way tendered any counterclaim, nor was it in any sense a cross-petition. Aside from certain admissions therein contained, it was nothing more nor less than a general denial. The prayer of said answer was that plaintiffs' petition be dismissed, that the defendants have judgment for costs, and for general equitable relief. It cannot be seriously contended that an answer of this kind tendered any affirmative defense, nor can it be made the basis for the entry of a decree granting affirmative relief. Under this answer, the district court entered a decree holding that the defendants tendering said answer owned certain real estate in fee simple, and quieting and confirming the title of said defendants in said real estate against the claims of plaintiffs, who had already dismissed their petition, and were out of court. If a prayer for general equitable relief, attached to an answer containing a general denial, can be the basis for a decree of this character, as against a plaintiff who has dismissed his petition and withdrawn from the case, counsel have failed to cite us to any authority so holding; and if any such exists, we would not follow it. That such an answer does not tender an affirmative

defense, and that affirmative relief cannot be granted thereunder, is obvious. See, however, as bearing upon the question, *Union Nat. Bank v. Carr,* 49 Iowa 359; *Kavalier v. Machula,* 77 Iowa 121; *Haywood & Son v. Seeber,* 61 Iowa 574; *Walker v. Sioux City & I. F. T. L. & L. Co.,* 66 Iowa 751; *Stewart v. Gorham,* 122 Iowa 669.

When the plaintiffs in the equity action dismissed their petition voluntarily and without prejudice, the court's jurisdiction over the plaintiffs ceased, and any decree thereafter entered against them upon an answer that was nothing more than a general denial was absolutely void. *Bardes v. Hutchinson,* 113 Iowa 610; *Davis v. Preston,* 129 Iowa 670.

A writ of certiorari will lie to review the action of a court in entering a decree that is utterly void for want of jurisdiction, and in such proceeding in certiorari such void decree may be annulled and set aside. *Callanan v. Lewis,* 79 Iowa 452; *Hawkeye Ins. Co. v. Duffie,* 67 Iowa 175; *Bardes v. Hutchinson,* supra; *Davis v. Preston,* supra.

2. CERTIORARI: when writ lies: void judgment.

Following these well established rules, we hold that the action of the district court of Harrison County, Iowa, in entering the decree in the original action in favor of the appellees, was without jurisdiction and void.

II. When the action was brought by appellants the second time, the appellees pleaded the said void decree as a complete defense thereto, by Count 2 of their answer. All of the proceedings in said former action were incorporated into the said count of said answer, and it therefore affirmatively appears therefrom that the said decree so pleaded in bar to appellants' action had been entered without jurisdiction, and was void. The demurrer of the appellants to said Count 2 of said answer squarely raised this question, and said demurrer should have been sustained. The court, however, overruled the same, and appellants elected to stand on said demurrer, which election was made of record, and appellants' petition was dismissed. The record showed upon its face that the decree pleaded in said Count 2 had been entered without jurisdiction and was absolutely void, and therefore it was not a bar to the appellants' cause of action.

3. PLEADING: demurrer: standing on demurrer.

It is insisted, however, by the appellees that Count 1 of their answer, which was a general denial, still remained in the case; and that the appellants, after their election to stand on the ruling on the demurrer, should have proceeded to offer proof upon their petition; and that, having failed so to do, they cannot now be heard to question the ruling on the demurrer; that the case is in equity, and triable *de novo* before us; and that the sole question appellants can raise is as to the merits of the final decree, which dismissed appellants' petition.

We cannot acquiesce in appellees' contention in this matter. Appellants' petition set up a cause of action. Appellees' answer met this with a pleading in two counts, one of which was a general denial, and the other a plea of a former adjudication, which was pleaded in bar. Appellants' demurrer to the second count of the answer was overruled by the court. It would have availed appellants nothing thereafter to have offered proof in support of their petition. They were at once confronted with a plea in bar, which the court had held to be a good and sufficient plea. Appellants did the only thing available to them. They elected to stand on the demurrer to the count of appellees' answer which pleaded the former adjudication in bar. To have dismissed their petition without prejudice would have availed nothing, and to have offered proof in support of their petition would likewise have been utterly unavailing. Appellants waived no right, under the circumstances, by standing upon the demurrer to the second count of the petition, and appealing therefrom. There was no trial of the case upon its merits, and under these circumstances, there could not be such a trial, and there is nothing upon the merits for us to consider or review. The appellants, under the circumstances disclosed, took the proper course and the only course available to them to fully protect their rights. The ruling upon the demurrer was erroneous.

In the certiorari action, we hold that the decree of the district court of Harrison County, Iowa, entered in said original action on the 11th day of March, 1920, after appellants had dismissed their petition, was absolutely null and void, and the said decree is ordered annulled.

In the equity case, we hold that the demurrer of the ap-

pellants to Count 2 of appellees' answer, setting up the void decree that had been entered in the former action, should have been sustained; and we further hold that, by standing on said ruling on said demurrer and failing to offer proof, the appellants have not waived their right to a trial of said cause upon the issues joined by the petition of the appellants and Count 1 of the appellees' answer. The equity cause will be remanded to the district court, with directions to sustain the demurrer of the appellants to Count 2 of the defendants' answer, and for such further proceeding in said action as may be consistent with this opinion.

In the certiorari action, the decree entered in the first action referred to, and herein reviewed, is—*Annulled.*

In the equity action the cause is—*Reversed and remanded.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.