M. Jay Kramer

*vs.*

Inhabitants of the Town of Linneus

Aroostook.  Opinion, July 20, 1949.

*M. P. Roberts, James P. Archibald,* for plaintiff.

*W. S. Lewin, Francis W. Sullivan,* for defendant.

Sitting: Thaxter, Fellows, Merrill, Nulty, William-son.

Thaxter, J.  This is a real action.  The plaintiff claims title to an undivided half interest in certain real estate located in the Town of Linneus.  It is admitted that the plaintiff holds the record title to the land in question and is en-

titled to recover unless the defendant has a valid title acquired by proceedings taken under the provisions of P. L., 1933, Chap. 244, entitled "An Act to Provide for Alternative Method of Enforcement of Tax Liens."

In the view which we take of the case we need consider only the action taken by the town with respect to the enforcement of the tax for 1934 which antedated the title acquired by the plaintiff. And it is agreed that the status of Lot 7, Range 12, is typical of the others. This is treated as a yardstick for all the other parcels. If the plaintiff has a good title to that lot, he has a valid title to all the others.

The case was referred with right of exceptions in matters of law. The referee, sustaining the tax title, found for the defendant. The plaintiff filed seven objections to various rulings of the referee which were overruled and the report was accepted by the presiding justice of the Superior Court. The case is now before us on the plaintiff's exceptions. The first objection which raises a fundamental issue, attacking as it does the constitutionality of P. L., 1933, Chap. 244, we shall consider last.

## OBJECTIONS 2 AND 3

The referee upheld the validity of the assessment of one-quarter of the tax in 1934 to Mrs. Rivett Carnac, one-quarter to James Pierce, Hazel Lumbert, and Robert Williams, Trustees, who were the trustees of the estate of Ansel L. Lumbert, the deceased owner of a half interest in the premises. The plaintiff claims that such ruling of the referee was error. Surely an assessment to the devisees designated in or acting under the will by naming them was a proper assessment. To do so in no way contravened the provisions of R. S., 1930, Chap. 13, Sec. 23. There is nothing in *Morrill* v. *Lovett*, 95 Me. 165; 49 A. 666; 56 L. R. A. 634, which supports a contrary construction of the statute. The statutory provision in question permitted the assessment of a tax to the heirs or devisees of a deceased person

without naming them until they gave notice of the division of the estate. It did not require that the assessment should be so made. The waiver of the provisions of the will by the widow on May 3, 1934 surely had no effect on the validity of the 1934 assessment. The plaintiff's claim to the contrary is without merit. Nor did the representation of insolvency of the Lumbert estate in any way affect the validity of the 1934 assessment. Assessment to the owners was proper until their title was divested by a sale. See *Hill* v. *Treat.* 67 Me. 501.

## OBJECTION 4

The fact that the lots were assessed in gross without showing the assessment for each individual lot and the amount due from each individual owner is of no consequence. From a glance it was apparent what was the assessed value of each lot and what was the liability of each owner and the exact amount in dollars and cents appeared in the lien certificate. There is no merit in this objection.

## OBJECTIONS 5 AND 6

These objections are without merit. They relate to certain irrelevant comments by the referee which were not the basis of any ruling adverse to the plaintiff.

## OBJECTION 7

The plaintiff claims that it was a necessary requirement of the statute that the tax collector should file, at the time of recording the lien certificate in the registry of deeds, a copy with the town treasurer. The record shows that the statutory provision was complied with.

## OBJECTION 1

The plaintiff claims that the statute, P. L., 1933, Chap. 244, is unconstitutional because it provides for a forfeiture of the title of non-resident owners of real estate without

giving to them any notice. And the owners from whom the defendant claims its title under the proceedings taken to enforce the tax lien were non-residents. The referee, though formally sustaining the validity of the statute, conceded that this question should be finally determined by this court and not by him as a referee.

The statute in question here provided that any officer to whom a tax had been committed for collection, except a collector elected or appointed under Section 90 of Chapter 14 of the Revised Statutes of 1930, might in the case of a non-resident, within one year of the date of the commitment to him of the tax, record in the registry of deeds of the county or registry district where the real estate was situated a certificate signed by him setting forth the amount of the tax, a description of the real estate on which the tax was assessed and an allegation that a lien was claimed on said real estate to secure the payment of said tax. At the time of the recording of said certificate said officer was required to file with the town treasurer a true copy of said certificate and also to mail by registered letter to each record holder of a mortgage on said real estate addressed to said record holder at his place of last and usual abode a true copy of said certificate. Then it was provided that the filing of the statutory certificate should create a mortgage on said real estate in the town in which the real estate was situated taking precedence over all other mortgages, liens, attachments and encumbrances. The only qualification was that the mortgagee should not have any right of possession of said real estate until the right of redemption provided by the statute should have expired.

Section 3 of the statute then provided:

> "If said mortgage, together with interest and costs, shall not be paid within 18 months after the date of the filing of said certificate in the registry of deeds as herein provided, the said mortgage shall be deemed to have been foreclosed and the right of redemption to have expired."

A resident taxpayer was treated in a different manner. He was either given a notice in writing signed by the tax collector, or the notice was left at his last and usual place of abode, stating the amount of the tax, describing the real estate, stating that a lien was claimed on said real estate and demanding payment within ten days. After the end of said ten days and within ten days thereafter the certificate heretofore mentioned was required to be filed in the registry of deeds. Thereafter the procedure was the same as heretofore mentioned in the case of a non-resident.

No reason is suggested why some form of notice could not have been given to a non-resident. A complete answer to the claim that it was not feasible to do so is indicated by the fact that in 1939 the legislature provided by amendment for such notice. P. L., 1939, Chap. 85.

Sections 1 and 2 of Chapter 244 seem to assume that the tax lien which is provided for constitutes a mortgage and that the right of redemption can be cut off by a method analogous to our procedure for the strict foreclosure of mortgages. But the tax lien, though referred to as a mortgage, was different from a mortgage in one important respect. A mortgagor in this state by his deed transfers his title to his property. The statutory provisions relating to the creation of the lien were not concerned with the transfer of title. They authorized only the creation of a lien taking precedence over all other encumbrances. Something more was necessary to divest a landowner of his title. Section 3 of the statute assumes that, if the provisions of the statute have been complied with, this can be accomplished by the mere lapse of time after the recording of the lien in the registry of deeds. The vice of the procedure is that this automatic divestment of title took place without any notice to a non-resident owner by publication or otherwise that time was running against him. This is not due process. A delinquent taxpayer is entitled to some notice, as the procedure provided by the statute with respect to residents

seems to recognize. In sustaining the validity of the procedure permitted by the statute in question in so far as it applied to residents, this court took pains to point out that: "Notice to the taxpayer is required both by delivery in hand or at his last and usual place of abode, or by registered mail . . . . .". *Inhabitants of the Town of Warren* v. *Norwood,* 138 Me. 180, 205; 24 A. (2nd) 229, 241. And previously at page 197 of 138 Me. at page 237 of 24 A. (2nd) the court intimated that the challenge that the statute did not provide due process to the taxpayer cannot be sustained because "the statute requires a particular form of notice ten days prior to the filing of the lien certificate . . . . .". Furthermore, the court quoted with approval the language of this court in holding invalid another statutory provision: "Notice and opportunity for hearing are of the essence of due process of law." *Randall* v. *Patch,* 118 Me. 303, 305; 108 A. 97, 98; 8 A. L. R. 65. The reasoning which the court used to sustain the statute in so far as it applied to residents would seem to invalidate its provisions as applied to non-residents.

There are no direct adjudications which we have found holding that no more notice to a taxpayer than is here provided for non-residents renders a statute unconstitutional but the authorities all assume that some notice sufficient to appraise a taxpayer that he is about to lose his property is necessary beyond the mere recording of the lien. See *Price* v. *Slagle,* 189 N. C. 757; 128 S. E. 161; *State* v. *Whittlesey,* 17 Wash. 447; 50 Pac. 119; 12 Am. Jur. 336.

In so far as this statute applied to non-residents, it was unconstitutional.

*Exceptions sustained.*