DARRELL BLEW et ux., petitioners, v. HONORABLE EDWARD P. POWERS, Judge of the District Court of Iowa in and for Wapello County, respondent.

No. 51698.

(Reported in 136 N.W.2d 273)

JUNE 30, 1965.

D. W. Harris, of Bloomfield, for plaintiffs.

Samuel O. Erhardt, of Ottumwa, County Attorney, for defendant.

GARFIELD, C. J.—We granted certiorari under rules 306 to 319, Rules of Civil Procedure, to review an order of defendant-judge that certain furniture taken from plaintiffs' home by peace officers be delivered to Hall-Ekfelt Furniture Company which claimed to own it. The order was made without notice to plaintiffs or opportunity to be heard upon an application filed by Hall-Ekfelt under chapter 645, Code, 1962, in a criminal proceeding in which Dunham and Ford were charged and convicted of larceny of a rug and chest of drawers from Hall-Ekfelt.

Plaintiffs claim the order deprived them of their property without due process of law in violation of section 1 of Amendment 14 to the Federal Constitution, and section 9, Article I, Constitution of Iowa. We must sustain this contention.

The return to the writ of certiorari shows judgment sentencing Dunham to the penitentiary upon his previous plea of guilty was entered October 20, 1964. On the next day Hall-Ekfelt filed its verified application for the return to it of much property alleged to have been taken by peace officers from twelve homes or other buildings occupied respectively by Dunham and eleven other persons, including these plaintiffs. The application asserts all the property was stolen from Hall-Ekfelt and that the rug and chest of drawers Dunham was evidently convicted of stealing was taken by the officers from the home of Robertson. The information charging Dunham with larceny states Robertson purchased the rug and chest from the accused.

On the day the application was filed defendant-judge made the order complained of that all property referred to in the application be returned to Hall-Ekfelt. On November 5 plaintiffs moved to set aside the order as to them on the ground they had no notice of the action and the property taken from their home was not involved in the criminal charge. The record shows no ruling on the motion.

Chapter 645, Code, 1962, so far as pertinent, provides:

"645.1 Held by officer. When property alleged to have been stolen or embezzled comes into the custody of a peace officer, he must hold the same subject to the order of the proper magistrate directing the disposal thereof.

"645.2 Delivered to owner. On satisfactory proof of title by the owner of the property, the magistrate before whom the information is laid, or who shall examine the charge against *the person accused of stealing or embezzling the same*, may order it to be delivered to the owner, * * *." (Emphasis added.)

"645.4 By order of court. If the property stolen or embezzled has not been delivered to the owner, the court before which a conviction is had may, on proof of his title, order its restoration."

I. So far as our reports disclose, these statutes have been resorted to infrequently. State v. Williams, 61 Iowa 517, 518, 16 N.W. 586, quotes what is now section 645.4 and adds, "In such case, the conviction would be sufficient evidence that the money did not belong to the defendant. The only question for the court would be as to whether it belonged to the person from whom it was alleged to have been stolen. The court, we presume, might properly enough proceed to determine such question in a summary way. *No third person would be affected by the finding*." (Emphasis added.)

In the Williams case defendant was acquitted, so what is just quoted is dictum. However the final sentence is favorable to these plaintiffs since they are clearly third persons in no way connected with the theft of the rug and chest.

Haworth v. Newell, 102 Iowa 541, 548, 71 N.W. 404, considers the statutes above referred to and those pertaining to search warrants. There property alleged to have been stolen

was seized under a search warrant, issue was joined in the search warrant proceedings as to its ownership between the alleged thief and true owner and tried out before the magistrate issuing the warrant who decided the issue against the alleged thief. We held that although what is now section 645.4 did not apply, the magistrate's adjudication was conclusive as to ownership of the property.

The Haworth decision, supra, is followed in Montgomery v. Alden, 133 Iowa 675, 108 N.W. 234, 119 Am. St. Rep. 648. The question involved in these two precedents is extensively considered in People ex rel. Robert Simpson Co. v. Kempner, 208 N. Y. 16, 101 N.E. 794, 46 L. R. A., N. S., 970, Ann. Cas. 1914D 169, and note 172.

Cases involving the right to determine ownership of property in a search warrant proceeding are not directly in point here. Nothing in the record indicates the property taken by the officers was seized pursuant to a search warrant or that any such proceeding was instituted, much less tried and determined.

II. We think chapter 645 was not intended to and does not provide procedure for the return to a person claiming as owner of property taken from one other than "the person accused of stealing or embezzling the same," to quote from section 645.2, supra. We think these statutes would authorize the return to Hall-Ekfelt of the rug and chest of drawers Dunham was accused and convicted of stealing, upon proof of its title thereto, at least if found in Dunham's possession and the rights of third parties (such as Robertson) were not affected. We may assume Dunham's conviction in the criminal proceeding would answer the requirements of due process as to him.

As we have pointed out, these plaintiffs were not accused of stealing or embezzling any of the articles the officers took from their home nor, indeed, was Dunham or anyone else so accused, much less convicted. Plaintiffs were given no notice or opportunity to be heard on the application for return of the property to Hall-Ekfelt. They did not appear or litigate the question of title as the parties did in Haworth v. Newell, supra, 102 Iowa 541, 548, 71 N.W. 404, and Montgomery v. Alden, also supra, 133 Iowa 675, 108 N.W. 234. These statutes make no provision

for notice or opportunity for hearing. If the ex parte order under attack were to stand, plaintiffs would be deprived of their property without due process of law.

It is scarcely necessary to cite authorities for the proposition that the essentials of due process are notice and opportunity to be heard or defend. See, however, Gilchrist v. Bierring, 234 Iowa 899, 911–914, 14 N.W.2d 724, 730, 731; Davidson v. Henry L. Doherty & Co., 214 Iowa 739, 744, 745, 241 N.W. 700, 91 A. L. R. 1308, 1312; Waud v. Crawford, 160 Iowa 432, 441, 141 N.W. 1041, and citations in these opinions; 16A C. J. S., Constitutional Law, sections 619c, 622.

Volume 16 Am. Jur.2d, Constitutional Law, section 569, page 973, states: "Hence, no one may be legally divested of his property unless he is allowed a hearing before an impartial tribunal, where he may contest the claim set up against him, and be allowed to meet it on the law and facts and show if he can that it is unfounded. He must be given his 'day in court'." See also idem, section 560.

Quite in point on principle is Waud v. Crawford, supra, which holds unconstitutional as a denial of due process a statute, section 2339, Code, 1897, directing an officer or magistrate to destroy any horse or other animal disabled or unfit for further use, without any provision for notice or opportunity to the owner to be heard. The opinion quotes this with approval from the leading case of Loesch v. Koehler, 144 Ind. 278, 41 N.E. 326, 327, 43 N.E. 129, 35 L. R. A. 682, " 'It is fundamental that no person can be deprived of any article, which is recognized by the law as property, without a judicial hearing, after due notice'."

That our decision in Waud v. Crawford, supra, is in line with those generally on the point there involved see Randall v. Patch, 118 Maine 303, 108 A. 97, 8 A. L. R. 65, and annotation, 67; 4 Am. Jur.2d, Animals, section 20.

There can be little doubt the order under review exceeded the proper jurisdiction of defendant-judge and is illegal within the meaning of rule 306, R. C. P. See, as somewhat in point Bergeson v. Pesch, 254 Iowa 223, 229, 230, 117 N.W.2d 431, 434, 435, and citations; Turner v. Woodruff, 192 Iowa 848, 851, 185 N.W. 910, and citations; Article 19 Iowa Law Review

366 to 372.—The writ of certiorari is sustained; the order is annulled.

All Justices concur.