## RICHARDS REALTY CO.

### v.

## INHABITANTS OF TOWN OF CASTLE HILL.

Supreme Judicial Court of Maine.

Argued March 7, 1983.

Decided April 22, 1983.

Malcolm Berman (orally), Houlton, for plaintiff.

Sage, Ayoob & Langley, Richard A. Langley (orally), Fort Fairfield, for defendant.

Before McKUSICK, C.J., GODFREY, NICHOLS, CARTER and WATHEN, JJ., and DUFRESNE, A.R.J.

GODFREY, Justice.

This appeal presents the issue of whether a party, upon dissolution of its corporate status, loses its capacity to maintain its pending lawsuit.

On November 9, 1978, the plaintiff Richards Realty Company ("Richards Realty"), a

Maine corporation, brought an action against the Inhabitants of the Town of Castle Hill ("Castle Hill") to establish title to two parcels of woodland located in Castle Hill. Richards Realty had been owner of record in the early 1930's. In 1934 through 1937, Castle Hill recorded tax liens against the real estate in question. Because Richards Realty was a non-resident owner of the land, Castle Hill concedes that under *Kramer v. Inhabitants of Linneus,* 144 Me. 239, 67 A.2d 536 (1949), enforcement of the liens was unconstitutional and did not di- ·vest Richards Realty of its title. Instead, Castle Hill contends it has established title by adverse possession. Castle Hill also contends that Richards Realty lost the ability to maintain the action after the company dissolved its corporate status in 1979.

After the close of evidence at trial, the Superior Court granted a directed verdict for Richards Realty, finding that Castle Hill had not established its claim of adverse possession and declaring that, as between the two parties, Richards Realty rather than Castle Hill had title to the disputed land. We affirm the judgment.[1]

■ Richards Realty filed articles of dissolution with the Secretary of State on July 27, 1979, thereby terminating the company's corporate existence. At common law, a corporation's capacity to sue and be sued ended when the corporation was legally dissolved. 16A W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 8142 (rev. perm. ed. 1979). Similarly, all pending suits by and against a corporation were abated by dissolution. *Id.* § 8147. However, section 1122(1) of the Maine Business Corporation Act changes the common law by providing for the survival of lawsuits by and against dissolved corporations:

The dissolution of a corporation, either by the filing by the Secretary of State of the articles of dissolution or by a decree

of court, shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution, if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim.

13–A M.R.S.A. § 1122(1) (1981).

Castle Hill concedes that if Richards Realty had commenced its action within two years after dissolution, the lawsuit would be maintainable. Instead, Castle Hill argues that the statute does not apply to lawsuits brought before dissolution, and hence the lawsuit abated upon Richards Realty's dissolution.

Castle Hill's argument lacks merit. Section 105 of the Model Business Corporation Act, from which the Maine provision is derived, makes no distinction between suits pending at the time of dissolution and suits brought after dissolution; it was designed to ensure the survival of both. *See* 2 Model Business Corp. Act Annotated § 105 comment (American Bar Foundation 2d ed. 1971); 16A W. Fletcher, *supra,* § 8148. Indeed, under Castle Hill's reasoning, corporations would be penalized for bringing lawsuits promptly instead of waiting until dissolution.

■ On the issue of adverse possession, the evidence of record adequately supports the determination of the trial justice that Castle Hill completely failed to establish its possession of the disputed land.

1. This is the second time the dispute has appeared before the Law Court. In *Richards Realty Co. v. Inhabitants of Castle Hill,* 406 A.2d 412 (Me.1979), the Court vacated a summary judgment in favor of Castle Hill because the judgment had been based on a legally insufficient affidavit. Proceedings following remand to the Superior Court have culminated in the present appeal.

The entry is:
Judgment affirmed.

All concurring.